**UNITED STATES of America,**
**Appellee,**

v.

**Derrick TOWNSEND, Appellant.**

No. 98–3041.

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 18, 1999.

Decided June 11, 1999.

---

Thomas Lumbard, appointed by the court, argued the cause and filed the briefs for appellant.

Neal K. Katyal, Attorney, United States Department of Justice, argued the cause for appellee. On the brief were Wilma A. Lewis, United States Attorney, and John R. Fisher and Susan A. Nellor, Assistant United States Attorneys.

Before: WILLIAMS, SENTELLE and GARLAND, Circuit Judges.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

Appellant Derrick Townsend was convicted on numerous drug- and gun-related counts in 1988, including two counts of using a firearm during a drug trafficking offense, 18 U.S.C. § 924(c). He received a sentence which included a 450–month term of imprisonment. After a motion by the government under Fed.R.Crim.P. 35(b), the sentencing court departed downward significantly, resulting in a total term of imprisonment of 240 months, of which 60 months were allocated to each of two § 924(c) counts, and 120 months were allocated to the other charges. Following the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), the government stipulated that Townsend's § 924(c) convictions should be vacated, and that he should be resentenced on the remaining counts. The district court resentenced Townsend in 1998, again imposing a total term of imprisonment of 240 months. Townsend appeals from this resentencing, arguing that the court lacked authority to reimpose the same total term of imprisonment in light of the fact that his convictions on the § 924(c) counts were vacated, and that doing so violated the Double Jeopardy Clause of the Fifth Amendment. We conclude that because the total sentence Townsend originally received was properly considered a single "package," by challenging his § 924(c) conviction, Townsend reopened his entire sentence, and that the sentence imposed on the remaining counts was lawful. Townsend further argues that the 1998 resentencing did not comply with Fed.R.Crim.P. 32 because he did not timely receive the probation office's memorandum and because he lacked notice of the court's sentencing theory, and that the court erred in reimposing a fine which appellant claims had been previously vacated. We conclude that the first and third arguments are not properly before us, and that the second is without merit.

## I. Background

A 1988 indictment charged Derrick Townsend with conspiracy to distribute cocaine and cocaine base, 21 U.S.C. § 846; conspiracy to distribute marijuana, 21 U.S.C. § 846; conspiracy to carry and use firearms during a drug trafficking offense, 18 U.S.C. § 371; possession with intent to distribute cocaine base, 21 U.S.C. § 841(a); two counts of possession with intent to distribute marijuana, 21 U.S.C. § 841(a); possession with intent to distribute co-

caine, 21 U.S.C. § 841(a); and two counts of using a firearm during a drug trafficking offense, 18 U.S.C. § 924(c). Townsend was convicted on all counts in 1988 and sentenced in 1989. He received concurrent sentences on the drug and conspiracy charges, the longest of which was 330 months. He also received two 60–month terms, consecutive to the other counts and to each other, on the § 924(c) charges, for a total term of imprisonment of 450 months. In ·addition, he received a five-year term of supervised release, and fines totaling $600,000. We affirmed both the conviction and the district court's denial of a new trial. *United States v. Lafayette*, No. 89–3023, 1990 WL 18648, 896 F.2d 599 (D.C.Cir. Feb. 22, 1990); *United States v. Lafayette*, 983 F.2d 1102 (D.C.Cir.1993).

Before their arrest in this case, Townsend and codefendant Lewis had provided information to authorities in New York about a drug operation and related homicides. After their convictions here, Townsend and Lewis entered into agreements for cooperation and testimony with the U.S. Attorney for the Eastern District of New York. The agreements called for the U.S. Attorney to move to reduce the sentences previously imposed in this case, as permitted by Fed.R.Crim.P. 35(b). On January 24, 1990, the Government filed a motion for reduction of sentence. At a status hearing on February 28, 1991, the district judge stated on the record that he intended to grant the government's motions to reduce sentence. He further stated that he intended to reduce Lewis to the twenty-year range, and Townsend to the twenty-five-year range, and that he needed to "work out the formula" to accomplish those reductions. He also noted, at the urging of counsel, that he would reconsider the amount of the fines, but he did not rule on the motion.

Finally, almost three years later, on January 10, 1994, Townsend's counsel filed a motion asking for a hearing on the sentence reduction. The district court held no hearing, but on May 26, 1994 issued an "Order Modifying Sentence" for both Townsend and codefendant Lewis. The order provided "that the judgment entered on January 27, 1989, be and it is hereby vacated." It went on to order identical 240–month sentences for Lewis and Townsend, consisting of consecutive terms of 60 months on each of the two § 924(c) counts; and concurrent sentences on the other counts, with the longest being 120 months. The order, like the original order, also provided for five years supervised release. It did not mention any fines. Although the order indicated that the attached statement of reasons should be made part of the record, no statement of reasons was ever filed. Neither party appealed the 1994 order. By order of October 23, 1995, the court, citing confusion as to whether the originally-imposed fines still applied after the 1994 order, ordered that the original fine was still operative. The 1995 order was denominated "Clarification of Order Modifying Sentence" and was not appealed by either party.

Meanwhile, in 1995, Townsend filed a motion pursuant to 28 U.S.C. § 2255, arguing, inter alia, that there was insufficient evidence to support his § 924(c) convictions. On December 6, 1995, the Supreme Court issued its opinion in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), holding that conviction for using a firearm under 18 U.S.C. § 924(c) requires proof of active use of a firearm to facilitate the underlying offense. In light of *Bailey*, the U.S. Attorney and Federal Defender filed a joint motion stipulating that there was insufficient evidence to support Townsend's convictions on the two § 924(c) counts. The motion further stipulated that the appropriate relief was to vacate the § 924(c) convictions and re-sentence appellant on the remaining counts, with credit for the 113 months already served. The motion also noted that a defendant who earns good-time credits must serve 102 months of a 120–month sentence.

On March 18, 1998, the Probation Office issued a ten–page "Memorandum" regarding Townsend's resentencing. The Memorandum described the sentencing history, including the findings of the original presentence report and the 1994 downward departure. The Memorandum then presented a revised calculation for the remaining counts under the 1997 Guidelines, incorporating a two-level enhancement for possession of a weapon under U.S.S.G. § 2D1.1(b)(1). This enhancement had not been applied in the original sentencing proceeding, because the enhancement is unavailable where there is a § 924(c) conviction. *See* U.S.S.G. § 2K2.4 (background). With this enhancement, the revised calculation for the remaining counts yielded an offense level of 40 (as compared to 38 in the original 1989 presentence report) and a guideline imprisonment range of 360 months to life. The 1994 downward departure, although discussed in the sentencing history, was not incorporated in the calculations. On March 27, 1998, defense counsel filed a "Memorandum Regarding Re–Sentencing." The Memorandum argued, inter alia, that because Townsend had completed the 120–month sentence originally allocated to the non–924(c) counts (taking into account good time credits), imposing an additional sentence on those counts would violate the Due Process Clause.

On March 30, 1998, the district court held a sentencing hearing. The government argued that the defendant had no expectation that his sentence would be only 120 months, that vacating the § 924(c) convictions "unravels the whole package," and that "the Court is well within its latitude in just simply imposing the 240 months on the remaining counts." The court adopted this suggestion. The court stated that the intention in 1994 was to reduce the sentence to 240 months, and the sentence was only structured as 120 on the § 924(c) charges and 120 on the other charges because there was a required 60–month consecutive sentence on each of the § 924(c) charges. Accordingly, the court

found no bar to imposing the entire 240–month sentence on the remaining counts. The court also imposed five years of supervised release, and fines totaling $500,000. Townsend appeals from this 1998 resentencing order.

## II.   Townsend's Rule 32 Arguments

■   We first address Townsend's argument that his 1998 resentencing did not comply with Fed.R.Crim.P. 32(b)(6). The rule provides that "[n]ot less than 35 days before the sentencing hearing—unless the defendant waives this minimum period—the probation officer must furnish the presentence report to the defendant, the defendant's counsel, and the attorney for the Government." Fed.R.Crim.P. 32(b)(6)(A). Townsend claims that the requirements of Rule 32 were not satisfied in this case, and that we must therefore vacate the sentence imposed and remand for a new resentencing proceeding. In appellant's view, the probation office's "Memorandum" regarding resentencing was for all intents and purposes a presentence report, and Rule 32 was therefore applicable. Townsend argues that he did not himself see a copy of the probation office's resentencing memorandum until the day of resentencing, and that his attorney did not receive the memorandum far enough in advance to satisfy the requirements of Rule 32. Indeed, the memorandum was not made available until twelve days before the sentencing occurred.

Without deciding whether Rule 32's time requirements were applicable to the memorandum at issue here, we conclude that even if Townsend's Rule 32 arguments would otherwise have merit, those arguments have been waived. In contrast to Townsend's present objections that he did not have the time required by Rule 32 to peruse the probation office's memorandum, he made no objection on this ground at the sentencing hearing. Neither he nor his counsel informed the court that they had had insufficient time to review the

memorandum. In fact, defense counsel had reviewed the memorandum and had filed a memorandum in response. By participating in the resentencing hearing without objection, Townsend waived his right to raise Rule 32's time requirements on appeal. *See United States v. Workman,* 110 F.3d 915, 920 (2d Cir.1997); *United States v. Jones,* 80 F.3d 436, 438 (10th Cir.1996); *United States v. Knorr,* 942 F.2d 1217, 1221 (7th Cir.1991); *United States v. Turner,* 898 F.2d 705, 713–14 (9th Cir.1990). *See also* Fed.R.Crim.P. 32(b)(6)(A) (explicitly making the requirement that the presentence report be provided 35 days in advance of the hearing inapplicable where "the defendant waives this minimum period").

■ Appellant further argues that Rule 32 was violated because the possibility of reimposing the entire 240–month sentence was introduced for the first time at the sentencing hearing itself. Townsend claims that prior to that time the parties anticipated that the court would simply impose the sentence originally allocated to the remaining charges (120 months), and that disagreement focused only on the propriety of imposing an additional two-year "gun bump" under U.S.S.G. § 2D1.1(b)(1). Thus, appellant urges, he had no notice regarding the theory of sentencing the court ultimately embraced. In appellant's view, such notice is required by the Supreme Court's decision in *Burns v. United States,* 501 U.S. 129, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991), which held that the then-in-force version of Rule 32 required that before a district court could depart upward on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the government, the parties must be given reasonable notice that such a ruling was contemplated. *See also* U.S.S.G. § 6A1.2 n.1 (memorializing the holding of *Burns*). The Court reasoned that such notice was necessary to meaningfully satisfy Rule 32's requirement that counsel must have the opportunity to com-

ment on matters relating to the appropriate sentence. Fed.R.Crim.P. 32(c), *formerly* 32(a). The Court concluded that it made "no sense to impute to Congress an intent that a defendant have the right *to comment* on the appropriateness of a *sua sponte* departure but not the right *to be notified* that the court is contemplating such a ruling." *Burns,* 501 U.S. at 135–36, 111 S.Ct. 2182 (emphasis in original).

Although *Burns* itself dealt with the need for notice regarding potential upward departures, Townsend notes that some lower courts have extended its reasoning to adjustments, *see United States v. Jackson,* 32 F.3d 1101 (7th Cir.1994); *United States v. Brady,* 928 F.2d 844 (9th Cir. 1991), *abrogated on other grounds, Nichols v. United States,* 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994); *but see United States v. Canada,* 960 F.2d 263 (1st Cir.1992) (holding that *Burns'* notice requirements did not apply to adjustments, which are more predictable than departures); *United States v. Willis,* 997 F.2d 407 (8th Cir.1993) (same), and he argues that *Burns'* reasoning certainly applies to the introduction of a "brand-new theory of sentencing" at the sentencing hearing. Appellant's Brief at 38. Appellant analogizes this case to *United States v. Zapatka,* 44 F.3d 112 (2d Cir.1994), in which the court concluded that where the district judge utilized a different underlying Guideline than that employed in the presentence report, defendant was deprived of adequate notice regarding the possibility of an adjustment available under the section employed by the court that was not available under the section employed by the presentence report.

We need not determine the reach of *Burns'* notice requirements, as we are unpersuaded by Townsend's argument that the method employed by the district court was a "brand-new theory of sentencing." The calculations in the memorandum from the probation office resulted in a sentencing range of 360 months to life. The memorandum did not indicate that resentencing

would be limited to consideration of the § 2D1.1(b)(1) enhancement, or that the full amount of the original downward departure would necessarily be applied. Indeed, appellant himself appears not to have taken reimposition of the entire 1994 departure for granted–his "Memorandum Regarding Re–Sentencing" contained a section entitled "The Rule 35 Departure Based on Mr. Townsend's Substantial Assistance To The Government's Prosecution of Delroy 'Uzi' Edwards Should Remain In Effect." Given this, we are unsympathetic to Townsend's claim that in adopting the view that the original 240–month sentence could be imposed, the district court and prosecutor were employing a new sentencing theory. Accordingly, we reject Townsend's argument that *Burns* might have any application here.

### III. Townsend's Arguments Regarding the Fines

■ Appellant argues that it was impermissible for the court to impose $500,000 in fines in 1998 because no fines were specified in the 1994 resentencing order and the 1995 order "clarifying" that the original fines were still in place was improper. The court's treatment of Townsend's fines was admittedly somewhat irregular. At the original sentencing proceedings in 1989, fines totaling $600,000 were imposed. After the government moved to reduce sentence, the court in 1991 noted that it would also reconsider the amount of the fines. In 1994, when the court actually acted on the sentence reduction in an "Order Modifying Sentence," it made no mention of fines. However, more than a year later, the court issued a "Clarification of Order Modifying Sentence," citing confusion regarding whether Townsend's original fines were still in force and indicating that they were.

Townsend argues that his fines were vacated by the 1994 order and could not be resuscitated by the 1995 order. Townsend cites the language of the 1994 order, which provided "that the judgment entered on January 27, 1989, be and it is hereby vacated." In Townsend's view, after the 1994 order issued, there were no fines in place. Thus, he argues, it was impermissible for the court to augment Townsend's punishment the following year by "clarifying" that the fines were in effect, since such a "correction" of the 1994 order was not within the parameters established for correcting a sentence under Fed.R.Crim.P. 35. The government, in contrast, argues that the 1994 order was addressed only to modifying the term of imprisonment and should not be read as vacating the portion of the 1989 order regarding fines. Since the government views the original fines as never having been vacated, it treats the 1995 order as making no change at all to Townsend's sentence, but simply clarifying the continued applicability of the fines.

We do not address the parties' differences as to the propriety of the 1995 "clarifying order," but instead conclude, as the government urges with no response from appellant, that this issue is not properly before us. To be sure, Townsend has timely appealed from the 1998 order, which reimposed a portion of the complained-of fines. However, Townsend's attack on the fines imposed in 1998 is based entirely on arguments regarding the impropriety of the 1995 order. If Townsend believed that the district court acted improperly in "clarifying" that the fines were still in effect in its 1995 order, he could have appealed that order within the time provided under Fed. R.App. P. 4. *See Browder v. Director, Dep't of Corrections of Illinois,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (time limits of Rule 4 are "mandatory and jurisdictional"). Having failed to timely appeal the 1995 order he now contests, Townsend may not properly attack it by appealing the 1998 order. *Cf. United States v. Barragan–Mendoza,* 174 F.3d 1024 (9th Cir.1999) (reaching issue of whether modification of sentence by district court was within court's authority under Fed.R.Crim.P. 35,

but only after first determining that appeal was timely). *See also United States v. Kress,* 944 F.2d 155, 161 (3d Cir.1991) (where defendant failed to appeal court's earlier order denying his Rule 35 motion regarding the interest rate on restitution owed, he cannot relitigate the issue on appeal from denial of a later motion); *United States v. Mendes,* 912 F.2d 434, 437–48 (10th Cir.1990) (where conviction and original sentence not appealed, defendant cannot appeal conviction by appealing later resentencing); *United States v. June,* 503 F.2d 442, 443–45 (8th Cir.1974) (though appeal timely as to denial of motion to reduce sentence, the appeal amounted to untimely challenge to conviction itself); *Yates v. United States,* 308 F.2d 737, 738 (10th Cir.1962) (where conviction not appealed, defendant may not later challenge it as void and illegal in appeal from order revoking probation).

### IV. Reimposition of the Full Term of Imprisonment

As noted above, Townsend's original term of imprisonment totaled 450 months, consisting of 120 months on the two § 924(c) counts and 330 months on the other counts. When the court departed downward in 1994 in response to the government's Rule 35(b) motion, the resulting term of imprisonment totaled 240 months, of which 120 months were again allocated to the § 924(c) charges, and 120 months were allocated to the other counts. In 1998, after vacating the § 924(c) convictions on *Bailey* grounds, the court resentenced Townsend on the other counts, imposing a term of imprisonment of 240 months, equivalent to his total term prior to the vacatur. Townsend argues that the court was without authority to reimpose the full 240–month term of imprisonment in 1998, and that doing so violated the Double Jeopardy Clause, which may bar an increase in a sentence if the defendant had a legitimate expectation of finality in the previously-imposed sentence. *United States v. Fogel,* 829 F.2d 77, 87 (D.C.Cir. 1987); *United States v. DiFrancesco,* 449 U.S. 117, 139, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980).

### A. Review of the 1998 Term of Imprisonment

■ Before addressing the merits of Townsend's arguments, we first consider the government's claim that Townsend is simply challenging the amount of downward departure he received in 1998, which the government argues is unreviewable under 18 U.S.C. § 3742. That section provides in relevant part that a defendant may appeal a sentence if the sentence

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range …; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a). In the government's view, because Townsend's 1998 sentence of 240 months on the non–924(c) counts represents a downward departure from the 330 months originally imposed on those counts in 1989, Townsend should have no right to complain that he is entitled to retain the more generous departure imposed on those counts in 1994.

■ The government focuses on § 3742(a)(3), which provides that a defendant may seek review of upward departures, but does not provide for review of downward departures at the defendant's behest. Certainly it is correct that where a defendant simply disagrees with the district court's judgment regarding the amount of downward departure which is warranted, review is unavailable. *See, e.g., United States v. Hazel,* 928 F.2d 420, 423 (D.C.Cir.1991). However, that is not Townsend's argument. Townsend is not simply disagreeing with the district court's view of what departure was proper, but is arguing that the court lacked authority to

reconsider the departure it granted on those counts in 1994, and that the sentence which resulted from so doing was in violation of the Double Jeopardy Clause. Where, as here, a defendant claims that his sentence "was imposed in violation of law," the sentence is reviewable under § 3742(a)(1). The fact that the specific illegality here claimed involves the amount of downward departure he received does not render § 3742 (a)(1) inapplicable. *Cf. United States v. La Guardia,* 902 F.2d 1010, 1012 (1st Cir.1990). To conclude otherwise would insulate from review the extent of a downward departure even if the resulting sentence was plainly unlawful or the amount of departure was influenced by unlawful considerations. *See United States v. Burnett,* 66 F.3d 137, 139 (7th Cir.1995). Therefore, we conclude that this issue is properly before us.

### B. Resentencing after *Bailey* Vacatur

■ We now turn to the substance of Townsend's challenge to the reimposition of his full term of imprisonment after his § 924(c) convictions were vacated. This is not the first time we have encountered arguments regarding the proper scope of resentencing after *Bailey* vacatur, although this case does raise specific issues we have not previously addressed. In *United States v. Rhodes,* 106 F.3d 429 (D.C.Cir.1997) ("*Rhodes I*"), we vacated a § 924(c) conviction, and remanded for possible resentencing on the remaining counts, "taking into account the provisions of § 2D1.1(b)(1)." *Id.* at 433. We observed that because U.S.S.G. § 2D1.1(b)(1) and 18 U.S.C. § 924(c) are mutually exclusive, the otherwise mandatory enhancement was unavailable so long as the § 924(c) conviction stood. But we held that this did not entitle a defendant to escape application of the § 2D1.1(b)(1) enhancement because of a § 924(c) conviction which was later vacated. We held that 28 U.S.C. § 2106, which provides that an appellate court may require "such further proceedings to be had as may be just under the circumstances," established statutory authority for this court to remand for resentencing on the remaining counts. Furthermore, we found no merit in appellant's arguments that resentencing on his remaining charges would violate the Double Jeopardy and Due Process Clauses. Given the interdependence of a § 924(c) conviction and the § 2D1.1 enhancement, we noted that appellant had no legitimate expectation of finality in his original sentence on the remaining drug charges, and that by challenging his § 924(c) charges, defendant brought his remaining sentences into question. *Id.* at 432 n. 3.

We addressed similar questions in *United States v. Morris,* 116 F.3d 501 (D.C.Cir. 1997), where the § 924(c) vacatur arose not on direct appeal but, as here, in the § 2255 context. There, the district court had vacated appellants' convictions under § 924(c), and then increased the sentence on the remaining terms by imposing the two-level § 2D1.1 enhancement. This court affirmed, holding that § 2255 provided the district court statutory authority for resentencing on the remaining counts. We held that § 2255's grant of power to " 'correct the sentence as may appear appropriate' ... necessarily includes the power to apply the § 2D1.1(b)(1) enhancement at the same time as it removes the hitherto blocking § 924(c) conviction." *Id.* at 504. We also rejected defendants' double jeopardy and due process arguments, noting as in *Rhodes I* that because of the "interdependence and mutual exclusivity" of the § 924(c) conviction and the § 2D1.1 enhancement, there was no reasonable expectation of finality of the unchallenged sentences. *Id.* at 505.

### C. The Sentencing Package Theory

Townsend seeks to distinguish *Rhodes I* and *Morris* on two principal grounds. First, he emphasizes that those cases considered only the propriety of imposing a § 2D1.1 enhancement, while the district court's resentencing here was not so limited. In particular, Townsend argues that

even if § 2255 provides authority for a court to "correct" the remaining sentence by imposing a § 2D1.1 enhancement, as we held in *Morris*, it does not provide authority for broader resentencing on the remaining counts. Second, Townsend makes much of the fact that taking into account good-time credits, he had, by the time of the 1998 resentencing, "fully served" the 120–month term of imprisonment which had previously been allocated to the non–924(c) counts. In Townsend's view, the fact that that sentence was fully served makes *any* resentencing, even the § 2D1.1 enhancement approved in *Rhodes I* and *Morris*, a violation of the Double Jeopardy Clause.

Both of these arguments rest on the premise that the 120 months allocated to the non–924(c) charges represent a free-standing sentence distinct from the sentence on the § 924(c) counts. In this view, when the 120 months allocated to the § 924(c) charges were vacated, § 2255 required the court to begin with the 120 months previously allocated to the remaining counts, and to justify any modification as a necessary "correction" to that remaining term. In effect, Townsend argues that the court must treat the previously-imposed sentence as being composed of independent subunits, each of which survives the destruction of the others except to the extent that vacation of one component of the sentence renders a remaining component actually illegal.[1] Similarly, his argument that his "sentence" was fully served assumes that the portion of his earlier sentence allocated to the remaining counts remained an independent fixed entity even while he sought to have other counts vacated.

We disagree with Townsend's premise that the terms of imprisonment previously allocated to his non–924(c) counts necessarily survived intact his challenge to the § 924(c) counts. As other circuits have recognized, at least in some instances, sentences on multiple counts may comprise a "sentencing package," so that attacking the sentence on some counts via § 2255 reopens the sentence on the other counts as well. *See United States v. Rodriguez*, 112 F.3d 26 (1st Cir.1997); *United States v. Mata*, 133 F.3d 200 (2d Cir.1998); *United States v. Davis*, 112 F.3d 118 (3rd Cir. 1997); *United States v. Smith*, 115 F.3d 241 (4th Cir.1997); *United States v. Rodriguez*, 114 F.3d 46, 47–48 (5th Cir.1997); *Pasquarille v. United States*, 130 F.3d 1220 (6th Cir.1997); *United States v. Smith*, 103 F.3d 531 (7th Cir.1996); *Gardiner v. United States*, 114 F.3d 734 (8th Cir.1997); *United States v. McClain*, 133 F.3d 1191 (9th Cir.1998); *United States v. Easterling*, 157 F.3d 1220 (10th Cir.1998); *United States v. Watkins*, 147 F.3d 1294 (11th Cir.1998). The sentencing package doctrine recognizes that " 'when a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan,' " and that if some counts are vacated, " 'the judge should be free to review the efficacy of what remains in light of the original plan.' " *Davis*, 112 F.3d at 122 (quoting *United States v. Pimienta–Redondo*, 874 F.2d 9, 14 (1st Cir.1989)). "Under the sentencing package concept, when a defendant raises a sentencing issue he attacks the bottom line." *Smith*, 103 F.3d at 534.

Sentences which include § 924(c) counts are particularly well suited to be treated as a package. The counts in such sen-

---

1. In support of his narrow view of what constitutes a permissible correction to a sentence, Townsend cites our decisions in *United States v. Fogel*, 829 F.2d 77 (D.C.Cir.1987), and *Tatum v. United States*, 310 F.2d 854 (D.C.Cir. 1962). These cases are inapposite, as they do not involve situations in which a defendant has voluntarily placed his sentence at issue by challenging it via § 2255. Indeed, in explaining why the sentence modification in *Fogel* was impermissible, we explicitly noted that the modification was not predicated by any challenge to the sentence by the defendant, who unlike Townsend had "proceeded to serve the sentence as if it were final." *Fogel*, 829 F.2d at 89.

tences are inherently interdependent, since "without the drug conviction, there can be no § 924(c)(1) conviction." *Easterling,* 157 F.3d at 1223. In addition, the fact that § 924(c) carries a mandatory sentence may influence the sentence imposed on other counts. *See Davis,* 112 F.3d at 123 (" '[W]here a sentencing judge imposed a multicount sentence aware that a mandatory consecutive sentence is to be tacked on to it and the mandatory sentence is later stricken, the judge is entitled to reconsider the sentence imposed on the remaining counts.' ") (quoting *Gordils v. United States,* Nos. 89CR0395 & 95CIV8034, 1996 WL 614139, at *7 (S.D.N.Y.1996)).

Our decisions in *Rhodes I* and *Morris* implicitly acknowledged the concept of a sentencing package, at least to a degree, in that they allowed modification of the sentence previously imposed on counts other than those specifically contested by the defendant. However, we focused there on the mutual exclusivity of § 924(c) and the § 2D1.1 enhancement, and did not directly address the propriety of other types of resentencing on the remaining counts. Other circuits have approved resentencing not limited to application of the two-level enhancement. For example, in *United States v. Watkins,* 147 F.3d 1294 (11th Cir.1998), imposing a § 2D1.1(b)(1) enhancement at resentencing would have had no effect on the sentence because the defendant was a career offender. Nonetheless, the Eleventh Circuit approved the district court's recalculation of other aspects of the sentence, including the appropriate reduction for the defendant's substantial assistance. *See id.* at 1295–96. The court noted that "the availability of the U.S.S.G. § 2D1.1(b)(1) enhancement is not necessary to the court's jurisdiction to resentence on unchallenged counts." *Id.* at 1297. Similarly, the Seventh Circuit approved the district court's resentencing after § 924(c) vacatur where the judge not only imposed the § 2D1.1 enhancement, but recalculated the sentence on the remaining counts based on a higher base offense level than used in the original sen-

tence after concluding that there was an error in the original sentencing. *Smith,* 103 F.3d at 535. Several courts considering resentencing after § 924(c) vacatur have reopened the sentences on the remaining counts and required consideration of not only changes which would increase the remaining sentence, but of the prisoner's new arguments for decreases in his sentence as well. *See Easterling,* 157 F.3d at 1225 (on resentencing, district court required to consider whether defendant should receive three-level downward departure for acceptance of responsibility available under current guidelines rather than two-level departure he originally received); *United States v. Core,* 125 F.3d 74 (2d Cir.1997) (holding that resentencing should consider all sentencing arguments and remanding for court to consider defendant's argument for downward departure based on post-conviction rehabilitation); *Reyes v. United States,* 944 F.Supp. 260 (S.D.N.Y.1996) (resentencing is de novo and defendant may argue for downward departures). Indeed, while we focused on the possibility of a § 2D1.1(b)(1) enhancement when we remanded for resentencing in *Rhodes I,* we later held that the district court was also required to consider on remand defendant's request for a possible downward departure based on his post-conviction rehabilitation. *United States v. Rhodes,* 145 F.3d 1375 (D.C.Cir.1998) ("*Rhodes II*").

D. Treatment of the 1994 Sentence as a Package

In conducting its 1998 resentencing, the district court explicitly relied on a "sentencing package" theory, noting that the intention in allowing the downward departure in 1994 was to achieve an overall sentence of 240 months rather than particular sentences on the component counts. The record supports the proposition that this was the court's original intention. In 1991, the judge, in response to the government's motion for reduction of sentence, noted on the record that he intended to

grant the motion, but needed to "work out the formula" to accomplish the overall term of imprisonment desired. The fact that the court in 1991 expressed an intention of figuring out a formula yielding 25 years for Townsend, but ultimately chose a formula yielding 20 years, does not affect our analysis. The interpendence of the departures granted on the various counts is further illustrated by the court's observation in 1991 that "there were nine counts, and they all have to be coordinated." Although this remark was made in discussing the sentence of codefendant Lewis, not Townsend himself, the remark is equally applicable to Townsend's sentence, since he and Lewis originally received identical sentences on identical counts.

In addition, a sentencing package theory is particularly appropriate given that the 1994 sentence was the result of a downward departure. Indeed, the fact that the existing sentence was the result of a downward departure makes it difficult to ascertain what exactly the district court would have done had it wanted only to "correct" the sentence by imposing a § 2D1.1(b)(1) adjustment. Townsend argues that the proper way of imposing a § 2D1.1(b)(1) adjustment on the remaining counts would be to "reason backward," finding an offense level which corresponds to the 120–month sentence allocated to the non–924(c) counts after the 1994 departure, and then to apply a two-level adjustment. Unfortunately, this backward reasoning does not lead to a unique offense level, since a 120–month sentence falls within the sentencing range for more than one offense level. Below, appellant indicated that "the offense level that most closely approximates" the 120 months imposed on his remaining counts in 1994 is level 30, because that level provides for a sentence of 121 months at the bottom of the range. On appeal, he argues that the proper level is 28, which leads to a range of 97–121 months, or 29, with a range of 108–135 months. Neither the probation office's Memorandum nor the court adopted this backward-reasoning

strategy, but instead recalculated Townsend's offense level under the Guidelines, leaving any downward departure to be imposed on the resulting sentence. This method resulted in an offense level of 38, or 40 if the § 2D1.1 enhancement were applied.

We are not persuaded that resentencing after a downward departure must proceed by the backward reasoning appellant would require. Indeed, we agree with the Eleventh Circuit that "where the district court is sentencing outside the guidelines range, it is particularly important that the district court have discretion to reevaluate the entire sentencing package." *Watkins*, 147 F.3d at 1297. The amount of downward departure allowed by a sentencing judge is inevitably affected by the total sentence imposed, and the departure allowed on a given count will naturally depend on the departure allowed on other counts. Requiring a sentencing judge to retain the full downward departure originally allowed on a given count even when convictions on other counts are vacated could well make judges hesitant to give generous downward departures in the first instance. This is particularly the case here, where the judge apparently believed that all of the downward departure *had* to be applied to the non–924(c) counts to maintain the five-year statutory minimum on each of the § 924(c) counts. Appellant argues that in fact the judge could have departed below the statutory minimum on the § 924(c) counts, given the government's Rule 35 motion. However, that would not change the fact that the departure actually imposed on the non–924(c) counts was chosen in light of the term imposed on the § 924(c) counts.

### E.   Townsend's Constitutional Arguments

■ Our conclusion that the district court properly treated the 1994 sentence as a sentencing package necessarily undermines Townsend's argument that because

his term of imprisonment on the remaining counts was fully served, resentencing on those counts violated the Double Jeopardy Clause of the Fifth Amendment. Citing *Ex parte Lange*, 85 U.S. (18 Wall.) 163 (1873), and *In re Bradley*, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 608 (1943), Townsend begins with the premise that a defendant who has satisfied the sentence imposed for an offense may not be resentenced for that offense. However, because the 1994 sentence was properly viewed as a package, Townsend had not satisfied his sentence on the remaining counts in any meaningful sense. His "sentences were, in essence, 'one unified term of imprisonment,'" *Easterling*, 157 F.3d at 1224 (quoting *Smith*, 103 F.3d at 535). Thus we join the other circuits which have addressed this question in concluding that even where the term originally allocated to the remaining counts of a package has been served, a defendant can have no legitimate expectation of finality regarding the sentence previously allocated to certain counts while simultaneously challenging his sentence on other counts of the package. *See Smith*, 115 F.3d at 246; *United States v. Benbrook*, 119 F.3d 338, 340–41 (5th Cir.1997); *Pasquarille*, 130 F.3d at 1222; *Smith*, 103 F.3d at 535; *United States v. Alton*, 120 F.3d 114, 115–16 (8th Cir.1997); *McClain*, 133 F.3d at 1194; *Easterling*, 157 F.3d at 1223–24.[2]

■ Townsend framed his arguments on appeal almost exclusively in terms of the Double Jeopardy Clause, but to the extent that he relies on the Due Process Clause, such reliance is also unavailing. Because Townsend could not expect finality of his sentence on some counts even while he challenged others, resentencing was not fundamentally unfair. *See Pasquarille*, 130 F.3d at 1223; *Woodhouse v.*

*United States*, 934 F.Supp. 1008 (C.D.Ill. 1996), *aff'd*, 109 F.3d 347 (7th Cir.1997). At oral argument, Townsend suggested a due process argument not raised below or meaningfully discussed in his briefs—that the increase in the sentence on his non–924(c) counts would give rise to a presumption of vindictiveness. *See North Carolina v. Pearce*, 395 U.S. 711 (1969). However, even assuming appellant has properly raised this argument, given that the existing sentence was properly viewed as a package, the fact that the sentence allocated to certain counts increased gives rise to no presumption of vindictiveness. For sentences within a package, *Pearce* analysis is conducted "in the aggregate rather than count by count." *United States v. Sullivan*, 967 F.2d 370, 374 (10th Cir.1992). As we noted in *Morris*, there is no indication of vindictiveness in resentencing a defendant to "exactly the sentence that the defendant would have received but for the erroneous application of § 924(c)." *Morris*, 116 F.3d at 506. *See also Mata*, 133 F.3d at 202.

We need not determine today the full range of cases in which a sentence on multiple counts may properly be treated as a package. In particular, we do not address whether such treatment would be appropriate where there was no indication in the record at the time of the earlier sentencing that a package was intended, or where there were indications to the contrary. Nor do we address whether a sentence could properly be treated as a package where the distinct counts involved conduct more tenuously related than the drug and weapons charges at issue here. *Cf. Rodriguez*, 112 F.3d at 30–31 (approving sentencing package concept for situations where Guidelines "contemplate an interdependent relationship"). We hold only

---

**2.** We note that even leaving the "package" concept aside, as of the time of his resentencing Townsend had not yet served the entire sentence he would have received with the gun bump alone. At oral argument, defendant conceded that even using his own guidelines calculation, as a result of the gun bump he still would be imprisoned until March 15, 1999—a month after oral argument, but a year after the resentencing at issue here.

that in this case, where the vacated and remaining counts are closely related and the judge indicated an intention to arrive at a "formula" for reaching the overall sentence desired after the downward departure in 1994, treating the sentence as a unitary package is appropriate.

For the reasons stated above, the decision of the district court is

*Affirmed.*