# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued November 8, 2005        Decided May 23, 2006

No. 04-3015

IN RE: SEALED CASE

Appeal from the United States District Court
for the District of Columbia
(No. 00cr00252-01)

*Mary E. Davis*, appointed by the court, argued the cause for appellant. With her on the brief was *Christopher M. Davis.*

*Patricia A. Heffernan*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Kenneth L. Wainstein*, U.S. Attorney, *John R. Fisher*, Assistant U.S. Attorney at the time the brief was filed, *Elizabeth Trosman*, and *Martin D. Carpenter*, Assistant U.S. Attorneys.

Before: HENDERSON and GRIFFITH, *Circuit Judges*, and WILLIAMS*, Senior Circuit Judge.*

GRIFFITH, *Circuit Judge*: Appellant pled guilty to leading a criminal enterprise that distributed significant quantities of heroin. In return, the Government promised that in exchange for Appellant's help, it would file a motion recommending that he be sentenced to a term below the life sentence called for by 21 U.S.C. § 848(b) and Section 5G1.1(b) of the United States Sentencing Guidelines. Appellant rendered the promised help

and the Government filed the promised motion, but Appellant, dissatisfied with the Government's recommended sentence, which the District Court accepted, challenges his conviction and sentence on appeal. We affirm his conviction because the Government met its obligations under the plea agreement. We also affirm the District Court's sentence because it was not "imposed in violation of law."

## I.

Appellant directed a massive heroin distribution ring in the Washington, D.C. metropolitan area from 1996 to 2000. By the time the Government arrested Appellant, his criminal enterprise had distributed 222 kilograms—almost 500 pounds—of heroin. In August 2000, a federal grand jury sitting in Washington, D.C. returned a three-count indictment charging him with: (1) engaging in a continuing criminal enterprise, which carried a mandatory sentence of life imprisonment, 21 U.S.C. § 848(b); (2) conspiracy to distribute heroin, which carried a minimum sentence of ten years, 21 U.S.C. §§ 846, 841(a)(1); and (3) money laundering, which carried no minimum sentence but allowed a maximum sentence of twenty years, 18 U.S.C. § 1956(a)(1). Faced with a possible life sentence if his case went to trial, Appellant entered into a plea agreement in which he promised to plead guilty to all three counts and to "cooperate truthfully, completely and forthrightly with . . . law enforcement authorities . . . in any matter as to which the Government deems the cooperation relevant." The Government agreed to file a substantial assistance motion, which would give the District Court authority to impose a sentence less than life.

Appellant fully complied with his part of the agreement. He pled guilty to all three counts, testified against four co-defendants, advised others to cooperate with the Government, and helped conduct sting operations in New York City and the

District of Columbia that led to the arrests and convictions of twelve other heroin distributors. Based on this substantial assistance, the Government filed a downward departure motion pursuant to 18 U.S.C. § 3553(e) and Section 5K1.1 of the Sentencing Guidelines that recommended that Appellant be sentenced to 360 months imprisonment. The District Court agreed and sentenced Appellant to 360 months for engaging in a continuing criminal enterprise, 360 months for conspiring to distribute heroin, and 240 months for money laundering, the three sentences to run concurrently. Although this fell below the life sentence that would have been required had the Government not made its substantial assistance motion, a 360-month sentence was more severe than Appellant hoped. If he serves the full thirty-year term, he will be in prison until he is about eighty years old. Seeking to avoid his conviction altogether or at least reduce the length of his sentence, Appellant appeals both. In a brief submitted by court-appointed counsel, he challenges his sentence. In a supplemental pro se brief, he challenges his conviction and brings additional challenges to the sentence.

## II.

As a threshold matter, we must determine whether we have jurisdiction to hear this appeal. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("'[T]he first and fundamental question is that of jurisdiction . . . . This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it.'") (quoting *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)). Appellant's jurisdictional argument relies solely and entirely upon 28 U.S.C. § 1291, which provides that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States." Although we agree that § 1291 provides jurisdiction for

us to hear Appellant's challenge to his conviction, *United States v. Kelley*, 36 F.3d 1118, 1120 (D.C. Cir. 1994), and we consider that challenge in Section IV, § 1291 is not a sufficient basis to allow us to consider challenges to a sentence. For that, we look to 18 U.S.C. § 3742, which we have held is "the statute conferring jurisdiction on the appellate courts to review sentences." *United States v. Sammoury*, 74 F.3d 1341, 1343 (D.C. Cir. 1996); *see also United States v. Doe*, 934 F.2d 353, 356 (D.C. Cir. 1991) ("We have jurisdiction to hear this appeal under 18 U.S.C. § 3742(b)."); *United States v. Hazel*, 928 F.2d 420, 426 (D.C. Cir. 1991) ("This court's power to review sentencing decisions is spelled out in 18 U.S.C. § 3742.") (Mikva, J., concurring). Appellant's briefs are of no help on this point; they do not address whether we have jurisdiction under § 3742. This failure, while bothersome to a court, is not necessarily fatal to Appellant's appeal of his sentence. In *United States v. American Telephone & Telegraph Co.*, 551 F.2d 384, 389 n.7 (D.C. Cir. 1976) ("*AT&T*"), we held that we may exercise jurisdiction over a case even where the basis invoked by a party proves incorrect provided the defendant's "factual allegations fairly support an alternative basis [for jurisdiction] in a more proper or simple manner." *Id*. If they do, jurisdiction exists even though a party may have failed to point us to its source. *Id*.

Section 3742(a) states:

> A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence –
>
> (1) was imposed in violation of law;
>
> (2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3)  is greater than the sentence specified in the
applicable guideline range . . . ; or

(4)  was imposed for an offense for which there
is no sentencing guideline and is plainly
unreasonable.

18 U.S.C. § 3742(a).

We can quickly dispose of subsections (2), (3), and (4) as possible bases for jurisdiction.  Subsection (1), which we find does provide jurisdiction, requires a more extended discussion, and we will turn to it shortly.  Subsection (2) does not allow jurisdiction here because Appellant's sentence was not the "result of an incorrect *application* of the sentencing guidelines." Rather, his sentence was the result of the District Court's decision to grant a *departure* from the Sentencing Guidelines, something the Court may do only when the Government files a substantial assistance motion that recommends such a departure. The Guidelines provide, "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, *the court may depart from the guidelines.*" U.S.S.G. § 5K1.1 (emphasis added).  The District Court's decision to accept the Government's recommended downward departure of the sentence did not involve an application of the Guidelines.  It involved a decision not to apply the Guidelines at all.  In *Hazel*, we explained that a challenge to a district court's discretion to sentence outside the Guidelines is not reviewable under subsection (2).[1]  928 F.2d at 423.

---

[1]  Having explained why this case is not an instance of an "incorrect application of the sentencing guidelines," it may be helpful to note what, by contrast, is.  Our cases demonstrate that subsection (2) creates jurisdiction only where the district court

Neither subsection (3) nor (4) provide jurisdiction either. Subsection (3) allows us to hear challenges to sentences that are "greater than the sentence specified in the applicable guideline range." Appellant's sentence, 360 months, is less than, not greater than, the life sentence "specified in the applicable guideline range." Subsection (4) applies only if a sentence "was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable." There are Sentencing Guidelines for each of Appellant's offenses. *See* U.S.S.G. §§ 2D1.1; 2D1.5; 2S1.1.

That leaves subsection (1), which allows us to consider appeals of sentences "imposed in violation of law." We find jurisdiction here. A sentence is "imposed in violation of law" when it contravenes a statutory or constitutional provision or is in some other way unlawful. For example, we have noted that we would have jurisdiction where an appellant alleges that his sentence was "based on some illegal reason, such as the defendant's race or religion," *Sammoury*, 74 F.3d at 1343, or

---

mistakenly applies or mistakenly fails to apply a provision of the Sentencing Guidelines. For example, in *United States v. Thomas*, 361 F.3d 653, 656 (D.C. Cir. 2004), we suggested that if a district court enhances a defendant's sentence because it mistakenly concludes that a crime for which the defendant had been previously convicted was a "crime of violence" under the Guidelines, then there is jurisdiction under subsection (2) because the sentence has been imposed as a result of an incorrect application of the Guidelines. Similarly, in *Sammoury*, 74 F.3d at 1344, we noted that if a district judge refuses to depart from the Guidelines "because he mistakenly believes he lacks authority [under the Guidelines] to do otherwise, his sentencing decision is reviewable on appeal" under subsection (2).

where he alleges that his sentence violates the Double Jeopardy Clause of the Constitution, *United States v. Townsend*, 178 F.3d 558, 566 (D.C. Cir. 1999). *See also id.* (noting that a sentence that was "plainly unlawful" or "influenced by unlawful considerations" would be "imposed in violation of law.").

As have other appellate courts, this Court has looked to the allegations and not the merits to determine whether there is jurisdiction under § 3742(a)(1). In *Townsend*, we held that we can exercise appellate jurisdiction under § 3742(a)(1) over a case in which a defendant "*claims* that his sentence 'was imposed in violation of law,'" even if the defendant loses on the merits. 178 F.3d at 566 (emphasis added); *see also United States v. Graham*, 72 F.3d 352, 358 n.8 (3d Cir. 1995) ("[W]e believe our jurisdiction to review [defendant's] sentence lies pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1) because [defendant] has alleged that his sentence was imposed in violation of law . . . ."); *United States v. Pridgen*, 64 F.3d 147, 150 (4th Cir. 1995) ("We conclude this claim is one that alleges that the sentence was imposed in violation of law, and accordingly may be reviewed by this court pursuant to § 3742(a)(1).").

Appellan t here never argues expressly that his sentence was imposed in violation of law under § 3742(a)(1). He does argue, however, that his sentence runs afoul of 18 U.S.C. § 3553(e), the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), and his due process rights. Because these allegations "fairly support" § 3742(a)(1) as an "alternative basis" for jurisdiction, *see AT&T*, 551 F.2d at 389 n.7, they support our finding of jurisdiction.

That would be the end of our jurisdictional analysis were it not for language in the Supreme Court's decision in *United States v. Ruiz*, 536 U.S. 622, 628 (2002), which suggests that

8

appellate courts lack jurisdiction under 18 U.S.C. § 3742(a)(1) unless the appellant can prove, on the merits, that his sentence "was imposed in violation of law." In *Ruiz*, the appellant sought appellate jurisdiction in the Ninth Circuit based on allegations that the sentencing judge mistakenly believed he lacked authority to grant a departure from the sentence called for by the Sentencing Guidelines and that the Government had infringed upon her right to a fair trial by failing to provide her with exculpatory evidence. *Id*. at 627-28. Based on these allegations alone, the Ninth Circuit found appellate jurisdiction, as would we, and ruled in the appellant's favor. The Supreme Court, however, used language that seemed to suggest that the Ninth Circuit had no jurisdiction under § 3742(a)(1) unless the defendant could show that she would prevail on the merits. The Court stated that "it was necessary for the Ninth Circuit to address the merits" in order to "determine its own jurisdiction." *Id*. at 628. If that were the holding of *Ruiz*, we would need to look to the merits of Appellant's case to determine whether we have jurisdiction to hear his appeal. That reading of *Ruiz* seems wrong, and it is. The *Ruiz* language is dicta that the Court did not follow in its disposition of the case. Instead of vacating the Ninth Circuit's decision, as one would have expected the Court to do if it believed that the Ninth Circuit did not have appellate jurisdiction, the Court reached the merits of the appeal to reverse the Ninth Circuit. *Id*. at 633.

Finally, it is significant to us that *Booker*, decided after *Ruiz*, made no reference to this language in *Ruiz*, and appears to assume there is jurisdiction to hear an appeal to consider the reasonableness of a sentence without regard to the merits of the claim. 543 U.S. at 267 ("if the sentence comes before the Court of Appeals for review, the Court of Appeals should apply the review standards set forth in this opinion"—that is, review for reasonableness).

Because we construe Appellant's arguments as asserting that his sentence "was imposed in violation of law," we are satisfied of our jurisdiction and turn now to the merits.

## III.

Appellant first argues that the prosecutor violated 18 U.S.C. § 3553(e) during the sentencing hearing by stating that Appellant is dangerous and might continue to engage in criminal conduct after leaving prison. Appellant advances the curious view, not found in any authority of which we are aware, that once the prosecutor has filed a substantial assistance motion, he cannot address, nor can the district court consider, any topic other than the defendant's substantial assistance to the Government. That argument has no support in the language of the statute, which contains no suggestion that the filing of a substantial assistance motion in any way restricts the Government from giving the district court the full benefit of its knowledge about factors relevant to the court's sentencing decision.[2] Appellant presses his point in asserted reliance upon

---

[2] Section 3553(e) provides in its entirely (without any suggestion of the restriction urged by Appellant): "Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code."

We note that the United States Attorney's Manual recognizes no such restriction either, and, in fact, encourages the prosecutor to do just the opposite. United States Department of

two cases, neither of them from this Circuit, *United States v. Stockdall*, 45 F.3d 1257 (8th Cir. 1995), and *United States v. Thomas*, 930 F.2d 526 (7th Cir. 1991), neither of which say anything about arguments a prosecutor may or may not make at sentencing.

In *Stockdall*, the defendants pled guilty to "multiple drug, firearm, and money laundering offenses." 45 F.3d at 1258. The Government filed substantial assistance motions for some of the counts, but not others. The defendants argued that this selective filing breached their plea agreements because it would prevent the court from granting a downward departure on the counts for which no motions had been filed. At an evidentiary hearing on the defendants' motion for performance of their plea agreements, the court asked the Government whether its decision to file motions for some but not all of the counts was "a method or manner by which [the U.S. Attorney's Office] attempts to retain control over the sentences imposed or degree of reduction that will be imposed?" *Id*. at 1261. The Government acknowledged that it was. *Id*. The Eighth Circuit held that to be an impermissible use of substantial assistance motions. "The prosecutor's role in *this aspect of sentencing* is limited to determining whether the defendant has provided substantial assistance with respect to 'a sentence,' advising the sentencing court as to the extent of that assistance, and recommending a substantial assistance departure. The desire to dictate the length of a defendant's sentence for reasons other than his or her substantial assistance is not a permissible basis for exercising the government's power under § 3553(e)." *Id*.

---

Justice, U.S. ATTORNEY'S MANUAL § 9-27.710(A)(1) (August 2002) ("[d]uring the sentencing phase of a Federal criminal case, the attorney for the government should assist the sentencing court by . . . [a]ttempting to ensure that the relevant facts are brought to the court's attention fully and accurately.").

(internal citation omitted) (emphasis added).

Appellant seizes upon this last quoted sentence to argue that *Stockdall* supports his broader point that "[t]he government's desire to dictate the length of the sentence for reasons not relevant to the assistance rendered violated § 3553(e)." Context matters, and Appellant wants this language in *Stockdall* to govern *all aspects of sentencing*, including what a prosecutor may properly say at a sentencing hearing. The Eighth Circuit was clear, however, that it was only considering "this aspect of sentencing"—the factors that may properly influence a prosecutor's decision whether to file a substantial assistance motion for a particular count. That issue is not before us because the prosecutor here filed a substantial assistance motion for each of the counts with which Appellant was charged. The only issue Appellant has placed before us is whether a prosecutor's arguments and comments at a sentencing hearing are limited to the quality of the assistance the defendant has rendered. *Stockdall* provides no support for Appellant's argument that they are.

Appellant misreads *Thomas*, too. There, the defendant was convicted of heroin possession, entered into a plea agreement, provided help to the Government, and the prosecutor filed a substantial assistance motion. To calculate the amount of the departure from the mandatory minimum sentence, the District Court took into account not only the nature of the defendant's substantial assistance, but also her "extremely burdensome family responsibilities." 930 F.2d at 529. The Government appealed and the Seventh Circuit remanded for resentencing, holding that the District Court should not have considered the defendant's family responsibilities because "only factors relating to a defendant's cooperation should influence the extent of a departure for providing substantial assistance under § 3553(e)." *Id.* Appellant latches onto this statement to argue

that the District Court erred by considering his criminal history and the nature of his offense when it sentenced him. In Appellant's view, because these factors were unrelated to his substantial assistance, they should not have influenced the extent of the departure. The Sentencing Reform Act, however, requires sentencing courts to consider "the nature and circumstances of the offense and the history and characteristics of the defendant," the very factors Appellant wants barred from the District Court's consideration. 18 U.S.C. § 3553(a)(1); *see also Booker*, 543 U.S. at 261 ("Section 3553(a) remains in effect, and sets forth numerous factors that guide sentencing."). *Thomas* does not suggest otherwise. It only prevents courts from looking to factors unrelated to the defendant's cooperation when deciding to *increase* the amount of a substantial assistance departure. It makes no sense to read *Thomas* to prevent courts from considering other factors when deciding to *limit* the amount of a departure. Such a rule would convert a substantial assistance motion into a one-way ratchet, requiring courts to depart to the minimum possible sentence any time the defendant provided the maximum possible assistance, no matter how heinous the defendant's crime.

Although it may be understandable why an appellant challenging his sentence would invoke *Booker* in hopes that its significant impact might reach his case, we can find nothing in *Booker* that helps this Appellant under § 3742(a)(1). Appellant argues that the District Court failed to comply with *Booker* because it did not consider the five factors listed in Section 5K1.1 of the Sentencing Guidelines when it imposed his sentence. But *Booker* says nothing to suggest that the sentencing court must consider each of the Section 5K1.1 factors whenever the Government files a substantial assistance motion. That is not surprising given the plain language of Section 5K1.1, which creates the opposite rule:

[t]he appropriate reduction shall be determined by the court for reasons stated *that may include, but are not limited to*, consideration of the following:

> (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

> (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

> (3) the nature and extent of the defendant's assistance;

> (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

> (5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1 (emphasis added). The sentencing court "may" consider the listed factors, as well as others, when determining an appropriate reduction, but it is not required to do so. Appellant's argument ignores this obvious point. We also note that Appellant's assertion that "the court failed to consider a single one of these factors" is belied by a review of the record, which reveals statements by the District Court indicating that it, in fact, considered the Section 5K1.1 factors in determining "the appropriate reduction." *See, e.g.*, App. at 51-52 ("I recognize what the Government is saying in [the substantial assistance]

memorandum specifically with respect to the conduct which the Government feels the court should consider with regard to departure"); App. at 81 (stating that the judge had considered "the factual elements of what [Appellant had] been able to do to provide substantial assistance"); App. at 83-84 ("you were able to provide the information that has now been credited to you as substantial assistance").

Finally, Appellant argues that the Government violated his due process rights when the prosecutor suggested, during the sentencing hearing, that Appellant had not been completely forthcoming, but had lied to the Government about the amount of money he had obtained through the conspiracy. This argument is unavailing. We find nothing in the record that suggests that the prosecutor's statements were false or that suggests that the sentence was influenced in any way by these statements.

Appellant has failed to show that his sentence violated 18 U.S.C. § 3553(e), *Booker*, or his due process rights. We find, therefore, that Appellant's sentence was not imposed in violation of law. From this discussion, it is apparent that we reject the Government's argument that we are without jurisdiction to review any downward departure from a minimum sentence under § 3742(a)(1), even one imposed in violation of law. That is how the Government reads our decision in *Hazel*, 928 F.2d 420. But in *Townsend*, we rejected that same argument, holding "[t]he fact that the specific illegality [] claimed involves the amount of a downward departure [] does not render § 3742(a)(1) inapplicable." 178 F.3d at 566. We noted that although *Hazel* precludes review of "the district court's judgment regarding the amount of downward departure which is warranted," it does not preclude review when the sentence "was imposed in violation of law." *Id*. at 565-66.

**IV.**

We turn to Appellant's challenge to his conviction. Appellant argues that the plea agreement was "meaningless," "fraudulent," and "illusory," because it did not, by its terms, require that the Government file a § 3553(e) substantial assistance motion.[3] The plea agreement obligated the Government to file a Section 5K1.1 motion with the District Court if the Appellant provided substantial assistance to its ongoing investigations and prosecutions. But the Government did not make any promises to file a § 3553(e) motion, and a Section 5K1.1 motion alone gives the District Court authority to grant a substantial assistance departure only from the Sentencing Guidelines and not from the statutory minimum sentence. The plea agreement expressly provided: "Your client understands and acknowledges . . . that even if your client provides substantial assistance in the investigation or prosecution of another person for purposes of Section 5K1.1 of the Sentencing Guidelines, this Office [the Office of the United States Attorney for the District of Columbia] reserves its right to decline to file a departure motion pursuant to 18 U.S.C. § 3553(e)." In

---

[3] When the Government files a § 3553(e) motion, the district court has "authority to impose a sentence below a level established by statute as a minium sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e). In the absence of such a motion, the district court cannot impose a sentence below the statutory minimum. *See Melendez v. United States*, 518 U.S. 120, 126 (1996) ("[n]othing in § 3553(e) suggests that a district court has power to impose a sentence below the statutory minimum to reflect a defendant's cooperation when the Government has not authorized such a sentence, but has instead moved for a departure only from the applicable Guidelines range.").

Appellant's view, the Government's failure to promise to file this § 3553(e) motion made the plea agreement "illusory" because it left him exposed to the possibility of the statutory minimum sentence he was seeking to avoid. He argues that he received no benefit from his promise.

Because Appellant failed to raise this argument below, we review for plain error, *In re Sealed Case*, 349 F.3d 685, 690 (D.C. Cir. 2003), and find none. Appellant's argument overlooks that the substantial assistance motion that the Government filed in this case was filed pursuant to both Section 5K1.1 and § 3553(e). The motion states, "[Appellant] has provided substantial assistance to the Government in the investigation and prosecution of others involved in his criminal conduct. Therefore, he is entitled to a downward sentencing departure from his sentencing guidelines *and his statutory mandatory minimum sentences*. 18 U.S.C. § 3553(e) *and* Section 5K1.1 of the U.S.S.G. Manual." App. at 42 (emphasis added). Even if the promise to file such a motion had been illusory when made—a determination we need not and do not make—any possible deficiency was cured by the Government's performance. *See* 1-1 *Corbin on Contracts*, § 1-17 (2005) (illusory contracts can be "cured by performance").

## V.

Appellant's conviction and his sentence are therefore
*Affirmed*.