UNITED STATES of America, Appellee

v.

Jerome JOSEPH, Appellant.

No. 08–3013.

United States Court of Appeals, District of Columbia Circuit.

Nov. 5, 2010.

Roy Wallace McLeese, III, U.S. Attorney's Office, Washington, DC, for Appellee.

Beverly Gay Dyer, A. J. Kramer, Tony W. Miles, Federal Public Defender (FPD), Washington, DC, for Appellant.

Before: GARLAND and KAVANAUGH, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs and oral arguments of the parties. For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of the District Court be affirmed.

Jerome Joseph and several co-conspirators kidnapped a five-year-old American schoolboy in Haiti and demanded ransom from the boy's family. After his arrest, Joseph cooperated with investigators and pled guilty to hostage taking under 18 U.S.C. § 1203. Joseph was sentenced to 19 years and 11 months in prison (that is, a

total of 239 months). Joseph's presumptive advisory Guidelines range had been 292–365 months' imprisonment. The District Court granted a three-level downward departure under U.S.S.G. § 5K1.1 for Joseph's substantial assistance to investigators. This resulted in an advisory Guidelines range of 210–262 months' imprisonment. The court sentenced Joseph within that range. On appeal, Joseph raises several challenges to his sentence. We find none to be persuasive.

Joseph argues that the District Court made a clearly erroneous factual finding at sentencing. But at the sentencing hearing, Joseph did not object to this finding of fact, and this argument is therefore subject to review only for plain error. *See United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Because Joseph has failed to demonstrate that the district judge relied on this factual finding in determining the sentence, Joseph has not shown plain error. *See United States v. Gomez,* 431 F.3d 818, 822 (D.C.Cir.2005).

Joseph also argues that the District Court erred in awarding him only a three-level downward departure for substantial assistance when the court calculated the advisory Sentencing Guidelines range. *See* U.S.S.G. § 5K1.1. Joseph argued in the District Court that his assistance merited an even greater downward departure, but he did not base that argument on a comparison to his co-kidnappers' downward departures (which were four levels) and did not object when the district judge explained the extent of the downward departure without reference to Joseph's co-kidnappers' downward departures. On appeal, however, Joseph argues that he should have received a greater downward departure because his co-kidnappers received downward departures of four levels. Because Joseph did not raise this argument in the District Court, we review it only for plain error. *See Olano,* 507 U.S. at 732, 113 S.Ct. 1770. The District Court's failure to address Joseph's co-kidnappers in considering Joseph's argument for a greater Guidelines downward departure does not qualify as plain error, if it is even error at all. Joseph points to no section of the Sentencing Guidelines and no precedent to support his argument that a sentencing judge considering a downward departure under § 5K1.1 of the Guidelines *must* consider the departures granted to a defendant's co-conspirators. To the extent Joseph renews any of the other arguments that he advanced in the district court for a greater downward departure, we find no reversible error. *See In re Sealed Case,* 449 F.3d 118, 125–26 (D.C.Cir.2006).

Finally, Joseph claims that his sentence of 19 years and 11 months in prison is substantively unreasonable under 18 U.S.C. § 3553 and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), particularly in relation to co-defendant Dorvilier's sentence of 21 years and 2 months. We disagree. The parties debate whether 18 U.S.C. § 3553(a)(6) requires the district court at sentencing to consider the need to avoid an unwarranted disparity in *co-defendant* sentences or only an unwarranted disparity in *nationwide* sentences. We need not address that issue. Assuming § 3553(a)(6) required the District Court to consider co-defendant sentences, the court here satisfied that requirement. We recognize that the mere fact that Joseph's sentence was less than Dorvilier's does not itself render Joseph's sentence substantively reasonable in terms of its relation to those of his co-defendants. The court explained that Dorvilier was more culpable, but went on to say that Joseph's role was nonetheless significant because Joseph knew of the hostage-taking scheme, joined it, used a

---

gun to violently kidnap the young victim, and was present when the kidnappers attempted to collect the second ransom payment. The District Court's decision to give Joseph a sentence less than but close to Dorvilier's sentence cannot be deemed unreasonable, assuming arguendo that it is a necessary comparison to make. In addition, in light of the overall circumstances of the offense and offender, we cannot say that Joseph's sentence was otherwise substantively unreasonable. *See United States v. Gardellini*, 545 F.3d 1089, 1092 (D.C.Cir.2008).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.