In the

 United States Court of Appeals
 For the Seventh Circuit
 ____________________
No. 21-2615
UNITED STATES OF AMERICA,
 Plaintiff-Appellee,
 v.

WILLIAM G. CURTIS,
 Defendant-Appellant.
 ____________________

 Appeal from the United States District Court for the
 Northern District of Indiana, Hammond Division.
 No. 2:98-cr-00078-JTM-APR-3 — James T. Moody, Judge.
 ____________________

 ARGUED NOVEMBER 8, 2022 — DECIDED MAY 1, 2023
 ____________________

 Before SYKES, Chief Judge, and WOOD and SCUDDER, Circuit
Judges.
 WOOD, Circuit Judge. William Curtis is serving several con-
secutive sentences for his connection to a drug conspiracy in-
volving crack cocaine. The present case arose when he moved
for resentencing under the First Step Act, which permits ret-
roactive sentencing relief for certain drug oﬀenders. The dis-
trict court found that Curtis was eligible for resentencing on
some of his drug oﬀenses and reduced the associated terms of
2 No. 21-2615

imprisonment. But the court refused to consider resentencing
with respect to several firearms oﬀenses, because it concluded
that those oﬀenses were not covered by the Act, were not
grouped with Curtis’s eligible drug oﬀenses at the original
sentencing hearing, and therefore were not eligible for resen-
tencing.
 Curtis appeals, arguing that the district court took too nar-
row a view of its discretion to conduct a resentencing review.
Such a review, he contends, may encompass a defendant’s en-
tire sentencing package, including oﬀenses that are neither
covered by the First Step Act nor grouped with covered of-
fenses. We agree with Curtis in part; a district court does have
discretion under the First Step Act to reduce an aggregate sen-
tence, even if part of that sentence rests on oﬀenses that are
neither covered by the Act nor grouped with a covered of-
fense. But because we find that Curtis’s consecutive sentences
for the firearms convictions were not part of a package, we
aﬃrm the district court’s decision to disregard them in its re-
sentencing decision.
 I
 Curtis was convicted in 2000 on a multicount indictment
for his part in a crack-cocaine distribution enterprise, includ-
ing his role in two shootings that were linked to it. Counts
One, Two, and Six (the “Drug Conspiracy Counts”) were for
conspiracy to possess crack cocaine with the intent to distrib-
ute, employing juveniles in furtherance of the conspiracy, and
possession of crack cocaine with intent to distribute. Counts
Three and Four (the “Firearms Counts”) were for causing the
death of another with a firearm in furtherance of the conspir-
acy. Count Seven charged a violation of 18 U.S.C. § 924(c) for
carrying a firearm in relation to a drug traﬃcking crime.
No. 21-2615 3

Count Five of the indictment applied only to Curtis’s co-de-
fendant, and so we do not address it here.
 Curtis’s Presentence Investigation Report (PSR) grouped
the Drug Conspiracy Counts, see U.S.S.G. §§ 3D1.1–3D1.4,
and calculated an adjusted oﬀense level of 40; it grouped the
Firearms Counts separately and calculated an adjusted of-
fense level of 43 for them, with any terms of imprisonment to
run consecutively. Finally, because section 924(c) convictions
feature a five-year mandatory minimum sentence to be served
consecutively, see 18 U.S.C. § 924(c)(1)(A), and are always
grouped separately, U.S.S.G. § 3D1.1(b)(1), Count Seven was
also in its own group.
 A few more words about grouping are helpful in under-
standing Curtis’s argument. The Sentencing Guidelines dic-
tate that “[a]ll counts involving substantially the same harm
shall be grouped together into a single Group.” U.S.S.G.
§ 3D1.2. Oﬀenses should be grouped when they “involve the
same victim and the same act or transaction,” when the ele-
ments of the oﬀenses overlap, or “[w]hen the oﬀense level is
determined largely on the basis of the total amount of harm
or loss, the quantity of a substance involved, or some other
measure of aggregate harm.” Id. Grouping acknowledges that
“‘[s]ome oﬀenses that may be charged in multiple-count in-
dictments are so closely intertwined with other oﬀenses that
conviction for them ordinarily would not warrant increasing
the guidelines range.’” United States v. Morgano, 39 F.3d 1358,
1379 (7th Cir. 1994) (alteration in original) (quoting the intro-
ductory commentary of Chapter 3 of the Guidelines). The
grouping rules are one way in which the Guidelines adopt
real-oﬀense sentencing, as opposed to the charge-oﬀense sys-
tem.
4 No. 21-2615

 Curtis objected to several parts of the PSR: he contested his
involvement in one of the homicides; he challenged the of-
fense level for his Drug Conspiracy Counts; and he argued
that there was insuﬃcient evidence for the section 924(c)
Count. But the judge overruled those objections, reiterated
that the applicable advisory sentencing ranges and oﬀense
levels were those found in the PSR, and set out four, distinct
ranges that would apply to Curtis: “360 months to life, plus
two consecutive life terms, plus an additional 60 months con-
secutive to any other sentence imposed.” The sentencing
court rejected Curtis’s request for a downward departure on
any of those sentences. Curtis did not object to the PSR’s
grouping decisions.
 In the end, Curtis was sentenced to life imprisonment on
Count One and a term of 480 months on Counts Two and Six,
to be served concurrently. In addition, he was sentenced to
two consecutive life sentences on Counts Three and Four, and
another consecutive 60 months on Count Seven. We aﬃrmed
the resulting overall sentence on appeal, finding suﬃcient ev-
idence to connect Curtis to both the drug conspiracy and the
related homicides. See United States v. Curtis, 324 F.3d 501,
502–03 (7th Cir. 2003).
 There matters stood until Congress enacted the First Step
Act of 2018, which provides relief from some federal drug
sentences. Part of the Act addresses the sentencing disparities
between powder and crack cocaine by providing retroactive
sentencing relief for those convicted of crack-cocaine oﬀenses.
Section 404 permits a district court to “impose a reduced sen-
tence as if sections 2 and 3 of the Fair Sentencing Act of 2010
were in eﬀect at the time the covered oﬀense was committed.”
Pub. L. 115-391, 132 Stat. 5194, 5222 (2018). A “covered
No. 21-2615 5

oﬀense” is defined as a “a violation of a Federal criminal stat-
ute, the statutory penalties for which were modified by sec-
tion 2 or 3 of the Fair Sentencing Act of 2010.” Id. Sections 2
and 3 of the Fair Sentencing Act of 2010 increased the number
of grams of crack cocaine necessary for a mandatory ten-year
sentence and eliminated the five-year mandatory minimum
for simple possession of crack cocaine. See Pub. L. 111-220,
124 Stat. 2372, 2372 (2010).
 Curtis filed a motion for relief under these provisions of
the First Step Act. Although this motion typically would have
been assigned to the judge who presided over his trial, in this
case it was given to a new judge because of the retirement of
the original judge. Where it makes a diﬀerence, we refer to the
court that heard Curtis’s First Step Act motion as the “district
court” and to the original court as the “sentencing court.”
 The district court agreed that in some respects Curtis was
eligible for resentencing, and it accordingly reduced his term
of imprisonment for the Drug Conspiracy Counts to 293
months on each count, to be served concurrently. But the
court took the position that resentencing was not authorized
for the Firearms Counts and the section 924(c) Count, because
they were not defined as covered oﬀenses by the First Step
Act, and in addition they “could not be grouped” with a cov-
ered oﬀense.
 On appeal, Curtis contends that the district court was in-
correct to rely so rigidly on the grouping rules when it con-
sidered his eligibility for resentencing under the First Step
Act. He insists that his whole sentence should be treated as “a
single sentencing package” and, as so understood, as a sen-
tence subject to adjustment under the Act.
6 No. 21-2615

 II
 Typically “[w]e review the discretionary denial of a sen-
tence-reduction motion for an abuse of discretion.” United
States v. Fowowe, 1 F.4th 522, 526 (7th Cir. 2021). But where the
matter includes issues of statutory interpretation, as here, our
approach is de novo. United States v. Shaw, 957 F.3d 734, 738
(7th Cir. 2020).
 The primary question on appeal is whether and when a
district court is authorized to reduce a defendant’s sentence
under the First Step Act for oﬀenses that are not covered by
the Act in so many words. This turns on what it means, as the
Act puts it, for a court to have “imposed a sentence for a cov-
ered oﬀense” such that the sentence can then be reduced. Pub.
L. 115-391, 132 Stat. 5194, 5222 (2018). The Supreme Court’s
guidance in Concepcion v. United States informs our analysis of
this issue, but it is not decisive. See 142 S. Ct. 2389, 2401–02
(2022) (describing the eﬀect of the resentencing provisions of
the First Step Act). The present case does not require us to
consider the scope of district court discretion once resentenc-
ing is underway; we must instead determine which portions
of a defendant’s sentence can be reexamined in the first place.
 We do not approach this question on a clean slate. In
United States v. Hudson, we held that, upon a threshold deter-
mination that a defendant was eligible for resentencing, a
court could issue a sentence reduction even for a non-covered
oﬀense if it was grouped with covered oﬀenses. 967 F.3d 605,
610 (7th Cir. 2020). We said that Hudson’s “eligibility ‘to have
a court consider whether to reduce the previously imposed
term of imprisonment’ covers the [non-covered] oﬀense, be-
cause that oﬀense was grouped with Hudson’s covered of-
fenses for sentencing, and the resulting aggregate sentence
No. 21-2615 7

included Hudson’s sentences for both the [non-covered] and
covered oﬀenses.” Id. (quoting Shaw, 957 F.3d at 735). We
added that “[e]xcluding non-covered oﬀenses from the ambit
of First Step Act consideration would, in eﬀect, impose an ex-
tra-textual limitation on the Act’s applicability” because the
statute did not constrain its application to grouped and non-
covered oﬀenses. Id.
 Hudson’s reasoning rests on the principle that “[m]ultiple
terms of imprisonment are treated under federal law as a sin-
gle, aggregate term of imprisonment.” Id. at 611. District
courts must be able to consider both covered and non-covered
oﬀenses if they are grouped, because there is no way to un-
tangle the aggregate term of imprisonment. Applying that
reasoning to oﬀenses like Curtis’s, which are neither covered
by the First Step Act nor grouped with a covered oﬀense, we
conclude that the key question is whether the sentence can be
characterized as an aggregate sentence.
 If the district court has imposed a single, integrated sen-
tence that blends punishment for a covered oﬀense with pun-
ishment for a non-covered oﬀense, such that the term “sen-
tence” applies to both oﬀenses, the court has the discretion to
consider resentencing for an oﬀense that is not covered by the
First Step Act. The operative question is whether there is rea-
son to think that, at the time of sentencing, the two sentences
were interdependent. One way—perhaps the most common
way—to show interdependence would be to see if the counts
were grouped for sentencing. But the fact that the Sentencing
Guidelines do not call for grouping of the oﬀenses is not
wholly determinative. That would be inconsistent with the
overall character of the Guidelines as advisory only. There
could be other indicia in the record, such as statements made
8 No. 21-2615

at the time of sentencing or evidence that the court intended
to issue one global sentence of an appropriate length. See, e.g.,
Dean v. United States, 137 S. Ct. 1170, 1178 (2017) (contemplat-
ing that a district court might issue a below-Guidelines sen-
tence for a predicate oﬀense to account for a lengthy, consec-
utive, mandatory minimum sentence).
 Oﬀenses can be related at the guilt phase in ways that are
distinct from their integration for sentencing purposes. Curtis
elides the distinction between these two trial phases when he
argues on appeal that his firearms oﬀenses were “inextricably
linked” to the covered crack-cocaine oﬀenses because “three
elements in the firearms charges were predicated upon the
crack conspiracy” and “the jury was required to find Mr. Cur-
tis guilty of the crack conspiracy in Count One in order to con-
vict him in Counts Three and Four.” This argument falls
short.
 The inquiry is not about the connection between the
counts for the purposes of conviction; it is about the connec-
tion between the oﬀenses for purposes of sentencing. Curtis’s
sentencing record does not demonstrate any connection be-
tween his covered drug oﬀenses and his non-covered firearms
oﬀenses. The sentencing judge’s remarks make this clear. At
the sentencing hearing, the court explained at length why it
was not departing below a life sentence for the Firearms
Counts. Curtis argued for a downward departure because he
was not the shooter in either murder, but the sentencing court
was not persuaded to go below the life sentence. Nowhere in
that explanation did the sentencing court refer to Curtis’s
drug oﬀenses or suggest that the life sentences for the fire-
arms oﬀenses were related to or predicated on Curtis’s under-
lying convictions for the crack-cocaine conspiracy. The record
No. 21-2615 9

is devoid of any of the indicia of interdependence that might
support the idea that the court imposed one global, blended
sentence on Curtis.
 We conclude that the district court responsible for Curtis’s
First Step Act motion did not abuse its discretion when it de-
clined to consider imposing a reduced sentence for Curtis’s
firearms oﬀenses. The record shows that his three consecutive
sentences on the Firearms Counts and the Section 924(c) con-
viction were distinct and disaggregated from his sentences for
the covered crack-cocaine oﬀenses. Though the district court
erred in assuming that it lacked authority to impose a reduced
sentence simply because the firearms oﬀenses could not be
grouped with the drug oﬀenses, that error was harmless. The
only sentence that was aggregated with a conviction covered
by the First Step Act was Curtis’s sentence for the Drug Con-
spiracy Counts, and therefore only that sentence could be ex-
amined for resentencing under the First Step Act.
 III
 We AFFIRM the judgment of the district court.