**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-6748**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NATHANIEL A. RICHARDSON, JR., a/k/a Nathaniel Skeeter, a/k/a Skeet,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, Senior District Judge.  (2:96-cr-00153-RAJ-1)

─────────────

Argued:  December 6, 2023                    Decided:  March 20, 2024

─────────────

Before GREGORY and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

─────────────

Vacated and remanded with instructions by published opinion.  Senior Judge Floyd wrote the opinion in which Judge Gregory and Judge Harris joined.

─────────────

**ARGUED:**  Frances H. Pratt, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Joseph Attias, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.  **ON BRIEF:**  Geremy C. Kamens, United States Attorney, Keith Loren Kimball, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richard D. Cooke, Assistant United States Attorney, Richmond, Virginia, Daniel J. Honold, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

─────────────

FLOYD, Senior Circuit Judge:

It is "longstanding tradition" in American law that a sentencing judge sentences the "whole person" in front of her "as an individual." *Concepcion v. United States*, 597 U.S. 481, 486, (2022) (quoting *Koon v. United States*, 518 U.S. 81, 113 (1996)). In line with this history, federal judges exercise "wide discretion . . . to craft appropriate sentences." *Id.* (quoting *Williams v. New York*, 337 U.S. 241, 246 (1949)). This case involves the discretion of district courts to resentence defendants under the First Step Act of 2018.

Nathaniel Richardson appeals the district court's order denying in part and granting in part his motion for reduced sentence pursuant to the First Step Act. Richardson was sentenced in 1996 to two concurrent terms of life imprisonment on a continuing criminal conspiracy count and a federal crack cocaine offense. We vacate the district court's ruling and remand for further proceedings.

I.

A.

Richardson, along with six other co-defendants, was charged in a multicount indictment in 1996. Following an eight-day jury trial, Richardson was convicted of conspiracy to distribute crack cocaine and heroin, in violation of 21 U.S.C. § 846 (Count 1); engaging in a continuing criminal enterprise (CCE), in violation of 21 U.S.C. § 848 (Count 2); distribution and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 3); and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B) (Counts 15 and 16). He was acquitted of using a firearm in furtherance of a drug-trafficking conspiracy (Count 10).

2

To assist the district judge in sentencing Richardson, the probation officer prepared a presentence report ("PSR") and concluded that he was responsible for distributing at least 26.13 kilograms of cocaine base and at least 46.5 grams of heroin. JA 340. Based on that drug weight, he had a base offense level of 38 for Counts 1 and 3. U.S.S.G. § 2D1.1.[1] JA 367. Probation also attributed him two points for possessing a dangerous weapon in furtherance of the drug trafficking offense, a four-point enhancement for his leadership role in the conspiracy, and two two-point enhancements for obstructing justice. Richardson's adjusted offense level was 48. JA 367. For Count 2, his CCE count yielded the same offense level, due to the way U.S.S.G. § 2D1.5, the Guideline for CCE offenses, interacts with § 2D1.1.[2] The three drug-related counts and two money laundering counts grouped together for a total offense level of 48. JA 370.

Probation assigned 11 points for criminal history which placed him in Category V, resulting in a mandatory sentencing "range" of life imprisonment. JA 374. At the sentencing in January 1997, the district court addressed Richardson's objections. The district court sustained his objection to one of the two-point obstruction enhancements and acknowledged it had double counted a certain amount of crack cocaine. JA 367. Therefore, the adjusted offense level for Counts 1-3 decreased from 48 to 46 and the crack cocaine weight decreased from 26.13 to 26.01. JA 367. Further, the court dismissed Count 1 as a lesser-included offense of Count 2, the CCE conviction. JA 366. The court sentenced

[1] Sentencing Guidelines utilized in Richardson's case refer to guidelines in effect in 1995. U.S. Sent'g Guidelines Manual (U.S. Sent'g Comm'n 1995).

[2] Section § 2D1.5 assigns a base offense level of 38, or four plus the offense level from § 2D1.1, whichever is greater.

3

Richardson to concurrent terms of life imprisonment on Counts 2 and 3. JA 161. The court sentenced Richardson to 20 years' imprisonment (the statutory maximum) on the two money laundering counts, to run concurrently with the life terms from Counts 2 and 3. JA 161, 166.

### B.

In January 2019, Richardson, initially proceeding *pro se* and then supplemented by a memorandum by appointed counsel, moved for a sentence reduction under § 404(b) of the First Step Act of 2018, Pub. L. 115–391, 132 Stat. 5194.[3]  Counsel for Richardson argued he was convicted of a covered offense and the district court should therefore apply an advisory sentencing range of 360 months to life imprisonment. JA 182–83. Counsel stressed that Richardson had been in federal prison for nearly half of his life (he was 24 when he was convicted and now over 50 years old). Counsel also stressed his minor disciplinary record, classes, and programming while in prison. The government opposed Richardson's motion to reduce his sentence on the basis that Count 3, distribution of crack cocaine, was not a covered offense.[4]  The government also argued the court should deny relief in the exercise of its discretion based on Richardson's extensive prior criminal

---

[3] Richardson also filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The judge denied Richardson's § 3582(c)(2) motion, which Richardson does not challenge.

[4] The government concedes in its brief that its original position regarding Count 3 is now incorrect. The Supreme Court in *Terry v. United States*, 593 U.S. 486 (2021), confirmed that Count 3 is a covered offense.

history, weak education and work records, and leadership role in the conspiracy. JA 201.

In July 2019, the district court denied the motion to reduce Richardson's sentence. JA 230. While the court agreed that Richardson qualified for relief under the First Step Act because his conviction for distributing crack cocaine in Count 3 was a covered offense, the court exercised its discretion to deny relief. JA 235. The court found that Richardson was the organizer of a conspiracy, and his offense involved "not just drugs, but a long series of violent acts, including assaulting people, shooting people, threatening them, and offering money to kill a witness." JA 235. The court noted that Richardson's *pro se* filings indicated he did not have a significant criminal history, which the court found untrue and "troubling." JA 235.[5]

Richardson, through counsel, moved for reconsideration. He claimed the conspiracy did not involve many violent acts. JA 244. Richardson admitted to his extensive criminal history but argued, as the district court acknowledged during his original sentencing, the sentence was driven by the amount of crack cocaine and resulting guideline range. JA 241. Further, he took issue with the court's reference to "offering money to kill a witness" because the court sustained an obstruction objection on that basis during sentencing. Richardson's counsel fell "on his sword" by acknowledging his original motion failed to "sufficiently highlight and address" Richardson's post-offense rehabilitation. JA 245 n.2. The court denied the motion for reconsideration and affirmed

---

[5] Richardson's criminal history included thirty convictions, including three convictions for assault and battery, one conviction for involuntary manslaughter, and one conviction for obstruction of justice. JA 319.

the "ultimate holding" of the order that Richardson was eligible for a sentence reduction, but it would not exercise its discretion to grant a reduction. JA 290.

Richardson appealed the district court's denial of his motion for reconsideration of his § 404 motion. JA 293. This Court on appeal vacated the district court's ruling and remanded the case to the district court for further proceedings in light of *United States v. Collington*, 995 F.3d 347 (4th Cir. 2021), decided while Richardson's appeal was pending. *United States v. Richardson*, 852 F. App'x 106 (4th Cir. 2021) (mem.) ("*Richardson I*"). *Collington*, which was overruled in part by *Concepcion*, held that a "district court's overall sentencing authority is constrained by the retroactively applicable statutory maximums." 995 F.3d at 357. On remand, the district court did not request additional briefing based on *Collington*, but issued an order on June 13, 2022, granting in part and denying in part Richardson's initial § 404 motion. JA 302–22. That June 13, 2022, order on remand is the subject of this appeal.

In its order, the district court found Richardson was not eligible for a reduction of the life term on Count 2, the CCE conviction, in light of *United States v. Thomas*, 32 F.4th 420, 430 (4th Cir. 2022) (per curiam) (holding CCE is not a covered offense). JA 313–14. As to Count 3, the distribution of crack cocaine offense, the court concluded that Richardson was eligible for a reduction. The court determined his advisory guideline range was life imprisonment, restricted under the terms of this Court's remand to 480 months' incarceration on Count 3 because 480 months was the new statutory maximum. JA 318. The district court evaluated the factors enumerated in 18 U.S.C. § 3553(a) and found the nature and circumstances were serious and Richardson's criminal history extensive.

6

Importantly, however, the district court, weighing the factors differently from the initial motion, noted that Richardson was 50 years old, had only two disciplinary infractions at the start of his prison term, and had not incurred any other violations for 25 years. JA 320. The court also noted that Richardson obtained his GED, took advantage of numerous educational and vocational programs, wrote an article titled "Activity Wars and Addictions," and served as a member of the prison's Inmate Reentry Council. JA 320. The district court thus reduced Richardson's prison term on Count 3 to 360 months—below the new statutory maximum. JA 322. Because it had determined Count 2, the CCE count, was not a covered offense, the court left the life term on that count undisturbed. Richardson timely appeals the district court's June 13, 2022 order.

On June 27, 2022, the Supreme Court held that the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion, but that the First Step Act does not require a court to reduce any sentence. *Concepcion*, 597 U.S. at 501. After *Concepcion*, we abrogated *Collington* in *United States v. Reed*, 58 F.4th 816, 819 (4th Cir. 2023) (*Collington*'s holding which *required* a sentence to be reduced based on newly enacted statutory maximums is no longer good law after *Concepcion*). After *Reed*, a sentence need not be reduced to the statutory maximum, and we reiterated a judge has complete discretion to reduce a sentence under the First Step Act.

## II.

We review the district court's denial of Richardson's motion for a sentence reduction for abuse of discretion. *Reed*, 58 F.4th at 819. A district court abuses its

7

discretion if its decision to retain or reduce a sentence under the First Step Act is procedurally or substantively unreasonable. *Id.* at 820. A district court also abuses its discretion when it misapprehends or misapplies the applicable law. *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 235 (4th Cir. 2014). Whether discretion has been abused depends on the bounds of that discretion. *United States v. Taylor*, 487 U.S. 326, 336 (1988).

Section 404 of the First Step Act gives retroactive effect to the statutory changes made by sections 2 and 3 of the Fair Sentencing Act and provides that a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if [sections 2 and 3 of the Fair Sentencing Act] were in effect at the time the covered offense was committed." First Step Act. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. A covered offense is one that was committed before August 3, 2010, and for which the "statutory penalties 'were modified by section 2 or 3 of the Fair Sentencing Act of 2010.'" *Reed*, 58 F.4th at 818 (quoting 132 Stat. at 5222).

This case involves the application of the "sentencing package doctrine" to the First Step Act. Under the sentencing package doctrine, when a court of appeals "vacates a sentence and remands for resentencing, the sentence becomes void in its entirety and the district court is free to revisit any rulings it made at the initial sentencing." *United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017) (cleaned up). This doctrine recognizes the holistic approach district courts employ when fashioning a sentence and recognizes that sentencing on multiple counts is an "inherently interrelated, interconnected, and holistic process." *Id.* (internal citations omitted). Because reviewing courts recognize there is a

8

"strong likelihood" a district court crafts sentences on various counts as an "overall plan," the district court should "review the efficacy of what remains in light of the original plan." *Id.* (internal citations omitted).

The district court's post-remand order found that Count 3, distribution of crack cocaine, was a covered offense and reduced Richardson's Count 3 sentence from life imprisonment to 360 months. On Count 2, the court relied on our decision in *Thomas*, which held that CCE offenses are not covered offenses, and left the life term intact. *Thomas*, 32 F.4th at 429. Richardson argues the district court erred in not recognizing it had the authority to reduce Richardson's CCE offense pursuant to the sentencing package doctrine. The government counters that this Court should not disturb the sentence because the district judge has already exercised his discretion in not reducing Richardson's sentence, the basis for this Court's prior remand—*Collington*—is no longer good law, and Richardson's offenses do not function as a package.

We hold that the district court has the discretion to reduce both covered and noncovered offenses under the First Step Act if they function as a package. A district judge is best suited to determine in the first instance whether she sentenced defendant's charges as a package. We reach this holding for three reasons.

First, we have upheld the use of the sentencing package doctrine in the habeas context, and resentencing under the First Step Act similarly provides district courts with broad discretion to fashion a remedy. *See United States v. Proctor*, 28 F.4th 538, 542 n.2 (4th Cir. 2022) (observing that § 2255 confers flexible power to district courts to fashion an appropriate remedy on all counts); *United States v. Said*, 26 F.4th 653, 665 (4th Cir.

9

2022) (entitling defendant to habeas relief on some counts but leaving it to the district court to consider whether to resentence on all counts based on the sentencing package doctrine); *United States v. Chaney*, 911 F.3d 222, 226 (4th Cir. 2018) ("[W]e have recognized [the sentencing-package theory] provides that in appropriate circumstances resentencing on all counts is a proper remedy under § 2255 for a single unlawful conviction.").

Allowing judges to utilize the sentencing package doctrine is in line with how district judges practically sentence defendants and in accordance with the purpose of the First Step Act. District judges are tasked with one of the most difficult jobs in our criminal justice system—sentencing defendants. Many district judges, when undertaking this detail-oriented process, sometimes focus on working out a "formula" to accomplish desired results in sentencing the whole defendant, as opposed to sentencing discrete charges. *See, e.g.*, *United States v. Townsend*, 178 F.3d 558, 571 (D.C. Cir. 1999). Further, the sentencing package doctrine is applicable here because where one count of a package is remanded, the district judge must be given the discretion to reconfigure the sentencing plan to ensure it remains adequate to satisfy the statutory sentencing factors. *See United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010) ("The ultimate question . . . is whether the sentence is 'sufficient, but not greater than necessary' in light of the factors identified in § 3553(a)." (quoting *Kimbrough v. United States*, 552 U.S. 85, 111 (2007))). District judges are entrusted with enormous responsibility and must be given adequate discretion in resentencing, especially in light of the changing landscape of new statutory schemes.

Acknowledging district judges' discretion satisfies the purpose of the First Step Act,

10

which is to "ensure greater justice for those subject to a racially disparate sentencing scheme." *United States v. Swain*, 49 F.4th 398, 401 (4th Cir. 2022). Allowing district judges to resentence interconnected charges furthers the purpose of the Act and gives district judges the flexibility to tailor a defendant's sentence holistically based on the new statutory scheme.

There is textual support for allowing a sentence reduction based on the sentencing package doctrine.[6] While there are disagreements within the circuits on this issue,[7] we agree with the reasoning of the Seventh Circuit that the First Step Act does not exclude noncovered offenses because doing so would impose an "extra-textual limitation" since the statute did not constrain its application to grouped and noncovered offenses. *United States v. Hudson*, 967 F.3d 605, 610 (7th Cir. 2020). While our sister circuits have different

---

[6] The language of the First Step Act does not bar a court from reducing a non-covered offense. The First Step Act states a court that "imposed a sentence for a covered offense" may "impose a reduced sentence as if" the Fair Sentencing Act "were in effect at the time the covered offense was committed." § 404(b).

[7] *Compare United States v. Curtis*, 66 F.4th 690, 694 (7th Cir. 2023) (holding district court could issue a reduction for noncovered offense if it was grouped with covered offenses) *and United States v. Spencer*, 998 F.3d 843, 845 n.1 (8th Cir. 2021) (holding a modification of crack cocaine could permit sentence reduction on powder cocaine based on First Step Act if defendant was sentenced under a "sentencing package"), *with United States v. Gladney*, 44 F.4th 1253, 1262 (10th Cir. 2022) (holding the First Step Act prohibits a district court from reducing the sentence on a noncovered offense even if it was grouped together under the Sentencing Guidelines), *United States v. Contrera*, No. 20-4083-CR, 2022 WL 301784, at *1 (2d Cir. Feb. 2, 2022) (holding the First Step Act does not allow resentencing as to noncovered offense based on sentencing package doctrine because there is no statutory authorization to do so), *and United States v. Files*, 63 F.4th 920 (11th Cir. 2023) (holding First Step Act does not authorize a reduction based on sentencing package doctrine).

11

approaches in how the sentencing package doctrine applies to the First Step Act, we align with the approach that gives district judges the most flexibility in determining whether the counts function as a package, and how to resentence those defendants eligible for a First Step Act reduction.

The government has three main contentions to counter Richardson's request to remand his sentence again, though it does not argue specifically that the sentencing package doctrine should not apply to the First Step Act.[8]  First, the government argues the district court appropriately used its discretion in not reducing Richardson's life sentence in Count 2, the noncovered CCE offense.  It notes the district court denied relief on all counts and again denied a reduction when Richardson filed a motion to reconsider.  The government argues that the court only reduced Richardson's covered offense to 360 months because this Court required it do so on remand based on *Collington* and used its discretion to leave the life sentence on the CCE offense undisturbed.  In short, the government's position is the district court consistently made clear its wishes to maintain Richardson's life sentence and this Court should therefore not touch Richardson's sentence.

We are not persuaded by the government's position.  First, if the district court was exercising its discretion in denying a reduction on the CCE offense, it should have stated

---

[8] The government would be hard pressed to argue the sentencing package doctrine does not apply to the First Step Act, as it has conceded the argument in other recent cases in front of this Court.  Response to Fed. R. App. P. 28(j) letter at 2, *United States v. Watkins*, No. 19-7899 (4th Cir. Sept. 18, 2023), ECF No. 28; *United States v. Wood*, No. 20-6508, 2023 WL 4888872, at *3 (4th Cir. Aug. 1, 2023).

as much.[9]   Instead, it indicated that it was *legally* constrained from even considering whether it could order a First Step Act reduction on Count 2 because CCE was not a covered offense based on our decision in *Thomas*.  It then stated that, because CCE was not a covered offense, it was unable to review Count 2 "on the merits."  JA 314. Then the court evaluated Count 3 and reduced Richardson's sentence to 360 months, instead of the 480-month statutory maximum we prescribed to the district judge post-*Collington*.

Second, the trial judge appears to have had a change of heart in his evaluation of the § 3553(a) factors from the first order denying a First Step Act reduction and the post-remand order.  In the first order, the judge indicated he would exercise his discretion not to reduce Richardson's sentence based on the § 3553(a) factors. In the post-remand order the judge changed his position and noted that Richardson was unlikely to commit crimes, had spent half his life in prison, was deserving of a reduction, and that other co-defendants had received sentence reductions.  Because the judge in his subsequent ruling indicated Richardson was deserving of a sentence reduction, the government's position ignores the clear change in the way the district court evaluated the sentencing factors and runs counter to the purposes of the First Step Act.

---

[9] The government points out that the district court has made clear in other cases that it may revisit sentences on noncovered offenses and therefore this Court should infer the district judge knew it had the discretion to do so here and declined to use it. *See, e.g.*, *Jones v. United States*, 431 F. Supp. 3d 740, 752 (E.D. Va. 2020) ("Because . . . district courts impose 'sentences by considering all of the relevant factors as a whole,' when a new sentence is imposed, a whole sentence on all counts should be imposed." (cleaned up)); *Wright v. United States*, 425 F. Supp. 3d 588, 598 (E.D. Va. 2019).  We are not persuaded by the government's contention.  The district judge could have used the same language he had used previously in other cases and declined to exercise his discretion to grant any sentence reduction.

13

Next, the government dedicates pages to the argument that we should not disturb the district court's ruling because our previous decision to vacate and remand Richardson's sentence based on *Collington* has now been abrogated. *Reed*, 58 F.4th 816, 819. While *Reed* abrogated *Collington*, appellate courts decide cases based on the law that exists at the time, and at the time of this Court's first remand, *Collington* was the law. Further, we acknowledge the government's concerns with finality. However, equally important is recognizing the bounds of a district court's discretion to reduce sentences under the First Step Act, which prioritizes fairness in sentencing over finality in some instances.

We re-affirm our decision in *Reed* that the district judge is not required to reduce any sentence under the First Step Act. All the district court must do, per *Concepcion*, is consider all non-frivolous arguments raised by the parties. However, the district court mistakenly believed it was constrained from considering a reduction on the CCE offense as part of a package theory. Therefore, what the government labels as another disturbance in Richardson's sentence, we view as a directive to ensure Richardson's sentence is an expression of the judge's intentions under a First Step Act reduction and not a mistake because of this reviewing Court's lack of clarification on this issue. It would be inappropriate to leave intact a decision that may not reflect how the district court would have sentenced Richardson had it recognized its authority to resentence his counts as a package.[10]

---

[10] Further, the government's position would, in effect, have us re-review and relitigate previous appeals based on since-decided precedent. We simply look at the order being appealed, which here is the post-remand order.

In its final argument, and for the first time in Rule 28(j) letters, the government argues this Court should reject a sentencing package theory for a noncovered CCE offense. The government states we should follow the Third Circuit's decision in *United States v. Junius*, which rejected the package theory for a drug-related murder offense. 86 F.4th 1027, 1031 (3d Cir. 2023). The government's position is that Section 404 of the First Step Act authorizes a district court to reduce a sentence for a noncovered offense "to the extent that the noncovered offense formed a part of a single, integrated sentencing package with a covered offense." Response to Fed. R. App. P. 28(j) letter at 1, ECF No. 41 (citing Brief for the United States in Opposition at 11, *Files v. United States*, No. 22-1239 (U.S. Oct. 13, 2023)). The government argues Richardson's CCE and crack distribution offenses do not function as a package because the conduct on the CCE offense was a violent criminal enterprise which was discrete from crack distribution conviction.[11]

We decline the government's invitation to decide in the first instance whether Richardson's charges function as a package. It would be inapposite to defer to the judge's holistic process by which she sentences in one instance, and in another determine as a reviewing court that multiple counts are not interconnected. We believe the trial judge would be better situated to determine whether the noncovered counts were interrelated when she initially sentenced the defendant. This approach is in line with what this Court

---

[11] The government's reliance on *Junius* is misplaced. *Junius*'s murder and drug charges were independent. We find those facts and charges distinguishable. Because we remand for the district court to evaluate whether Richardson's charges qualify as a package under the sentencing package theory, we do not find that part of *Junius*'s analysis relevant for our purposes.

has done when remanding a case with a potential sentencing package doctrine application in the habeas context. *Proctor*, 28 F.4th at 542 n.2 (stating the district court should consider in the first instance whether the sentencing package doctrine applies under its broad power to fashion its own remedy on all counts); *Said*, 26 F.4th at 665 (entitling defendant to habeas relief on some counts but leaving it to the district court to consider in the first instance whether to resentence on all counts based on the sentencing package doctrine).

On remand, the district court might consider whether the noncovered offenses represent a freestanding and distinct sentence from that of the covered offenses, or whether the sentence reflects an attempt to achieve an overall sentence without regard to the component parts. *See, e.g.*, *Townsend*, 178 F.3d at 568 (stating the sentencing package theory is appropriate where the judge indicated he needed to "work out the formula" to accomplish the overall term of imprisonment desired). Regardless, the best entity to determine the intention of the district court's sentence is the district court itself, not the reviewing court.

While we express no opinion on what action the district court should take, there are some hints in the record these counts do not represent freestanding sentences distinct from each other. For example, the indictment indicates the CCE offense and distribution of crack cocaine offenses are interconnected. The CCE offense in Richardson's indictment alleges that Richardson violated § 841 and § 846, "such violations including, but not limited to those violations alleged in the instant indictment, specifically Count One and Count Three [distribution of crack cocaine]." J.A. 31. *See also Ventura*, 864 F.3d at 309 (agreeing with proposition that when a defendant is found guilty in a multicount

16

indictment, there is a strong likelihood the district court will craft a disposition in which the sentences on various counts form part of the overall plan).  Moreover, the CCE and distribution offenses were grouped together under the Guidelines for sentencing purposes, a factor other courts have relied on in applying the sentencing package doctrine.  *See Curtis*, 66 F.4th at 694-95 (noting that grouping for sentencing is "perhaps the most common way [] to show interdependence," though there "could be other indicia in the record").[12]

Because the judge misapprehended the bounds of his discretion, we remand this case to the district court with instruction that its discretion under Section 404 of the First Step Act includes the authority to use the sentencing package doctrine.  Without expressing any opinion on what action the district court should take, we reaffirm the district court's discretion to fashion a sentence he deems most appropriate.  We leave it to the district court to consider in the first instance whether to resentence Richardson under the sentencing package doctrine.

*VACATED AND REMANDED WITH INSTRUCTIONS*

---

[12] These hints are not exhaustive and just provide some examples from this record. The consideration of interconnectedness is not narrow, and we leave it up to the district judge to determine whether changes in the new statutory scheme affected his sentence on other counts.  Whether counts are interrelated as a package is not confined to situations where the Guidelines group them together.  For example, if the terms of imprisonment for a covered offense necessarily affected a judge's severity of the sentence of another noncovered offense, the judge could apply the package doctrine and resentence on both. We leave this decision up to the district court.  Further, this opinion does not suggest that for a noncovered offense to qualify for resentencing it is *necessary* it be part of a package, we simply state that it is *sufficient* for a noncovered offense that formed a package to qualify for resentencing.