**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-6776**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THEODORE HENDERSON, II, a/k/a Theodore Henderson, III,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:90-cr-00102-CMH-2)

Submitted:  August 15, 2024                          Decided:  September 11, 2024

Before NIEMEYER, HARRIS, and BENJAMIN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:**  Joseph Tacopina, Chad D. Seigel, TACOPINA SEIGEL & DEOREO, New York, New York, for Appellant.  Jessica D. Aber, United States Attorney, Philip Alito, Richard Cooke, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Theodore Henderson, II, appeals the district court's order granting in part and denying in part his motion for a sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (FSA). In 1991, a federal jury convicted Henderson of conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (Count 1); conspiracy to commit violent crimes in aid of racketeering, in violation of 18 U.S.C. § 1959 (Count 2); attempt to commit murder and assault with a dangerous weapon in aid of racketeering, in violation of § 1959 (Count 3); two counts of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 4 and 6); assault with a dangerous weapon in aid of racketeering, in violation of § 1959 (Count 5); conspiracy to engage in a pattern of racketeering ("RICO conspiracy"), in violation of 18 U.S.C. § 1962(d) (Count 7); engaging in a pattern of racketeering (RICO), in violation of 18 U.S.C. § 1962(c) (Count 8); and two counts of possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a) (Counts 10 and 12). The district court sentenced Henderson to life imprisonment for the drug conspiracy charged in Count 1, the RICO conspiracies charged in Counts 2 and 7, the RICO charges in Count 5 and 8, and the possession with intent to distribute charges in Counts 10 and 12. The court also imposed a term of 10 years for the attempted violent crimes in aid of racketeering charged in Count 3, and the statutory mandatory consecutive terms of five years each for the § 924(c) offenses charged in Counts 4 and 6.

In 2022, Henderson moved for a sentence reduction under § 404(b) of the FSA, seeking a reduction of all of his life sentences to time served. The district court determined

2

that while Henderson's drug-related offenses in Counts 1, 10, and 12 were covered offenses under the FSA, his RICO conspiracy and substantive RICO offenses were not, and therefore the court did not have the authority to reduce his sentences for those noncovered offenses. The court, however, reduced the life sentences for Counts 1, 10, and 12 to 480 months of imprisonment. On appeal, Henderson argues that the district court erred in determining that he was not eligible for a sentence reduction on his noncovered offenses.

"Under § 404(b) of the [FSA], sentencing courts may impose a reduced sentence as if section[s] 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *United States v. McDonald*, 986 F.3d 402, 408-09 (4th Cir. 2021) (internal quotation marks omitted). The FSA "defines a 'covered offense' as a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *United States v. Gravatt*, 953 F.3d 258, 260 (4th Cir. 2020). Once a district court has determined that a defendant is eligible for a sentence reduction under the FSA, the court "must recalculate the [Sentencing] Guidelines range only to the extent it adjusts for the Fair Sentencing Act." *United States v. Troy*, 64 F.4th 177, 184 (4th Cir. 2023); *see McDonald*, 986 F.3d at 409. The court then considers the 18 U.S.C. § 3553(a) factors in determining whether to exercise its discretion to reduce the sentence, considering any nonfrivolous arguments for a lower sentence. *Id.*; *see United States v. Reed*, 58 F.4th 816, 822-23 (4th Cir. 2023). The court also "may (and when raised by the parties, must) consider other legal and factual changes when deciding whether to impose a reduced sentence." *Troy*, 64 F.4th at 184. A district court, however, is not required to reduce any sentence, even a

3

sentence in excess of the new statutory maximum. *Reed*, 58 F.4th at 821-22; *see Concepcion v. United States*, 597 U.S. 481, 496 (2022) ("[A] district court is not required to modify a sentence for any reason.").

We review a district court's decision to grant or deny a sentence reduction for abuse of discretion. *Reed*, 58 F.4th at 819. In reviewing a district court's decision for abuse of discretion, we will "affirm a district court's denial of [§] 404(b) relief unless the court's decision is procedurally or substantively unreasonable." *Id.* at 820. "As a general matter, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence," and "[o]ther than legal errors in recalculating the Guidelines to account for the Fair Sentencing Act's changes, appellate review should not be overly searching." *Concepcion*, 597 U.S. at 501 (cleaned up). "A district court also[, however,] abuses its discretion when it misapprehends or misapplies the applicable law." *United States v. Richardson*, 96 F.4th 659, 665 (4th Cir. 2024).

After the district court's ruling in this case, we held that a "district court has the discretion to reduce [the sentences for] both covered and noncovered offenses under the [FSA] if they function as a package." *Id.* Thus, where a defendant has been convicted of both covered and noncovered offenses under the FSA, the district court "should consider whether the noncovered offenses represent a freestanding and distinct sentence from that of the covered offenses, or whether the sentence reflects an attempt to achieve an overall sentence without regard to the component parts." *Id.* at 669. While a district court is not required to reduce any sentence under the FSA, if the court determines that the sentences for the covered offenses were interconnected with the sentences for the noncovered

4

offenses, the court has the discretion to reduce the sentences for the noncovered offenses as well. *See id.* at 666, 668. Importantly, "the best entity to determine the intention of the district court's sentence is the district court itself, not the reviewing court." *Id.* at 669.

Because the district court did not have the benefit of our decision in *Richardson*, we remand this case "with instruction that its discretion under Section 404 of the [FSA] includes the authority to use the sentencing package doctrine." *Id.* We express no opinion regarding whether or to what extent the court should reduce Henderson's sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*