**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-6275**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

TERRANCE GERARD JAMES, a/k/a Robert Daniels, a/k/a TJ, a/k/a Hassan,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, Senior District Judge. (2:94- cr-00163-RBS-6)

---

Submitted: November 17, 2025            Decided: November 20, 2025

---

Before WYNN and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Terrance Gerard James, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance Gerard James appeals the district court's order denying in part and granting in part his motion for a sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The district court reduced James' sentence on his conviction for conspiracy to distribute cocaine base and cocaine, in violation of 21 U.S.C. § 846 (Count One), but declined to reduce his sentence on his conviction for murder on behalf of a continuing criminal enterprise, in violation of 21 U.S.C. § 848(e)(1)(A) (Count Three). Most relevant here, James contends that the district court should have reduced his sentence on both counts under the sentencing package doctrine.

While James' appeal was pending, we held "that the district court has the discretion to reduce both covered and noncovered offenses under the First Step Act if they function as a package." *United States v. Richardson*, 96 F.4th 659, 665 (4th Cir. 2024). And it is the "district judge [who] is best suited to determine in the first instance whether she sentenced defendant's charges as a package." *Id.* Because the district court did not have the benefit of our decision in *Richardson* when it denied James relief on Count Three, we vacated the district court's order and remanded for further proceedings. *See United States v. James*, No. 20-7077, 2024 WL 2206499, at *1 (4th Cir. May 16, 2024).

On remand, the district court expressly recognized its discretion to reduce James' sentence, even if it contained a noncovered offense, but the court found that the sentencing package doctrine was inapplicable. The court also explained that, given the conduct underlying Count Three, a lengthy sentence was warranted for that conviction. The court also revisited its previous decision to reduce James' sentence on Count One, explaining

2

that the 80-month reduction to the sentence for that count remained appropriate, and the court reimposed the 60-month consecutive sentence for James' third count of conviction. In doing so, the district court acknowledged James' arguments in favor of a sentence reduction, and explained its rationale for James' sentence in conjunction with the 18 U.S.C. § 3553(a) factors it deemed most relevant.

We have reviewed the record in conjunction with the arguments James raises on appeal and conclude that the district court did not abuse its discretion when it granted in part and denied in part James' motion for a sentence reduction. *See United States v. Reed*, 58 F.4th 816, 819 (4th Cir. 2023) (stating standard of review). Accordingly, we affirm the district court's order. *United States v. James*, No. 2:94-cr-00163-RBS-6 (E.D. Va. Mar. 18, 2025). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*