**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4597**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

COLLIN HAWKINS,

                    Defendant – Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Catherine C. Blake, District Judge.
(1:06-cr-00583-CCB-1)

Argued:  December 11, 2014          Decided:  March 30, 2015

Before TRAXLER, Chief Judge, and WYNN and HARRIS, Circuit
Judges.

Affirmed by unpublished opinion.  Judge Wynn wrote the opinion,
in which Chief Judge Traxler and Judge Harris joined.

**ARGUED:** Thomas J. Saunders, LAW OFFICE OF THOMAS J. SAUNDERS,
Baltimore, Maryland, for Appellant.  Michael Clayton Hanlon,
OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for
Appellee.  **ON BRIEF:** Rod J. Rosenstein, United States Attorney,
OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

WYNN, Circuit Judge:

A jury convicted Defendant Collin Hawkins of carjacking ("Count One"), possessing and brandishing a firearm in furtherance of a crime of violence ("Count Two"), and being a felon in possession of a firearm ("Count Three"). On direct appeal, Hawkins successfully challenged the improper joinder of Counts One and Two with Count Three. United States v. Hawkins, 589 F.3d 694 (4th Cir. 2009), amended and superseded by No. 08-4576, 2015 WL 151610, at *4–8 (4th Cir. Jan. 13, 2015) (vacating Hawkins's 360-month sentence and his convictions on Counts One and Two). On remand, the Government elected not to pursue Counts One and Two, and Hawkins was resentenced to 63 months' imprisonment and two years of supervised release for Count Three.

In his second appeal, Hawkins argues that (1) the gun underpinning Count Three should have been suppressed because the search and seizure violated the Fourth Amendment, and, in the alternative, (2) he had ineffective assistance of counsel. For reasons explained below, the mandate rule bars Defendant's Fourth Amendment claim, and he fails to raise a cognizable ineffective-assistance-of-counsel claim. Accordingly, we affirm.

On November 22, 2006, Defendant participated in the carjacking and robbery of a Baltimore taxi driver. Soon thereafter, a warrant was issued for his arrest. On December 9, 2006, police (who were unaware of the outstanding arrest warrant) received a call from an informant alerting them that an individual named "Slankru" or "Ru" (Defendant's aliases) had shot a police officer on December 5, 2006, and currently was on his way to meet the informant at a particular Exxon gas station. The informant gave the officer on the phone Defendant's physical description, and that officer relayed the information to William Painter, an officer in the field.

Based on the information, Painter and several other officers headed toward the gas station. While waiting near the gas station, Painter noticed an African American male approaching. Painter specifically noted that the man twice "tugged at his waistband on his right-hand side" in a manner consistent with carrying a weapon without a holster. J.A. 352. When the man entered the gas station, Painter received confirmation that he was the person they were looking for.

In full police uniform, Painter approached the gas station entrance. He could see Defendant through the window, and he believed Defendant could see him. As Painter started to open the gas station door, he again observed Defendant reaching

3

toward his waistband. Because he believed that Defendant had a weapon, Painter drew his firearm and ordered Defendant to the ground multiple times. Defendant did not comply, and Painter shoved him to the ground.

While both men were on the ground, Defendant continued to reach for his waistband. Defendant continued to reach for his waistband even as Painter applied force and attempted to handcuff him. Painter saw a handgun in Defendant's waistband, secured it, and, with the help of another officer, handcuffed Defendant. Painter recalled ordering Defendant to keep his hands visible "at least eight to ten" times, but Defendant reached for his weapon "at least six times." J.A. 361.

Defendant was subsequently indicted, and a jury found him guilty on three counts. Counts One and Two related to the carjacking, and Count Three was a felon-in-possession charge stemming from the gas station incident. The district court sentenced Defendant to 360 months' imprisonment, and Defendant appealed.

On appeal, this Court reversed Defendant's convictions on Counts One and Two because they were improperly joined to Count Three. Count Three was remanded for resentencing. Hawkins, 2015 WL 151610, at *4–8. On remand, the government elected not to retry Counts One and Two, and the district court sentenced Defendant to 63 months' imprisonment on Count Three. Defendant

4

now appeals the 63-month sentence, contending that (1) the gun underpinning Count Three should have been suppressed because the search and seizure violated the Fourth Amendment, and (2) he had ineffective assistance of counsel.

## II.

At the outset, we must determine whether the mandate rule precludes Defendant from raising his Fourth Amendment claim. "The mandate rule is a specific application of the law of the case doctrine" to cases that have been appealed and then remanded. Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co., 510 F.3d 474, 481 (4th Cir. 2007). The rule generally bars litigation of issues that could have been, but were not, raised before remand. Stated differently, "under the mandate rule[,] a remand proceeding is not the occasion for raising new arguments or legal theories." Id. See also, e.g., United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (noting that the mandate "rule forecloses litigation of issues decided by the district court but foregone on appeal or otherwise waived"). Accordingly, "'[i]t is elementary that where an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand.'" Omni Outdoor Adver., Inc. v. Columbia Outdoor Adver., Inc., 974

5

F.2d 502, 505 (4th Cir. 1992) (quoting Northwestern Indiana Tel.
Co. v. F.C.C., 872 F.2d 465, 470 (D.C. Cir. 1989)).

But exceptions to the mandate rule exist. Those exceptions
include circumstances where (1) a litigant can demonstrate that
the legal landscape has dramatically changed, (2) significant
new evidence has come to light, or (3) a "blatant error in the
prior decision will, if uncorrected, result in a serious
injustice." Bell, 5 F.3d at 67.

At trial, the district court denied Defendant's motion to
suppress the firearm seized at the gas station.[1] Defendant did
not raise this issue during the first appeal, but in his second
appeal he contends that the introduction of the firearm
constitutes a "blatant error" that will result in a serious
injustice if left uncorrected because his arrest was illegal.
We are not persuaded by this argument.

First, even if the introduction of the firearm was an
error, it cannot properly be characterized as blatant error. To

---

[1] The district court denied the motion to suppress because
Hawkins had an outstanding arrest warrant, despite the fact that
the arresting officers were unaware of the warrant. Neither
Hawkins nor the Government relies on this incorrect statement of
the law on appeal. See Gov't's Br. at 25 ("[The Court has]
consistently recognized that, even though we disagree with the
reasoning of the district court, we may affirm the result on
different grounds if fully supported by the record." (quoting
Brewster of Lynchburg, Inc. v. Dial Corp., 33 F.3d 355, 361 n.3
(4th Cir. 1994))).

6

prevent prejudice at trial, the district court barred the government from referring to Defendant's suspected involvement in the shooting of the police officer and limited Painter's testimony to what he witnessed at the gas station, without mention of the informant's call. This circuit and several other circuits have held that grabbing, touching, or securing a waistband may be evidence of the possession of a firearm, albeit as part of the totality of the circumstances. See, e.g., United States v. Briggs, 720 F.3d 1281, 1287–89 (10th Cir. 2013); United States v. Oglesby, 597 F.3d 891, 894–95 (7th Cir. 2010) (crediting testimony that "police officers are trained to watch for such behavior since experience has shown that a subject who pats his waistband may be trying to confirm that his gun is concealed and secured"); United States v. Dubose, 579 F.3d 117, 122 (1st Cir. 2009); United States v. Padilla, 548 F.3d 179, 188–89 (2d Cir. 2008); United States v. Humphries, 372 F.3d 653, 658-60 (4th Cir. 2004). The prevalence of such cases and their relative similarity to the facts of this case suggest that the district court committed no blatant error when it denied Defendant's motion to suppress the firearm.[2]

---

[2] To be clear, we do not hold that several waistband checks alone provide grounds for a constitutional search and seizure. We need not, and therefore do not, reach that issue here.

Second, Defendant has failed to demonstrate that he will suffer a serious injustice. True, the Supreme Court has unequivocally stated that "we cannot forgive the requirements of the Fourth Amendment in the name of law enforcement." Berger v. New York, 388 U.S. 41, 62 (1967). But we do not have a clear violation of the Fourth Amendment before us; the entirety of the record demonstrates that a known police informant provided information about Defendant's involvement in a police shooting and his approach to the Exxon station, the latter of which was corroborated by active police observation.

In sum, because Defendant waived his Fourth Amendment claim by not raising it on his first appeal and no exception applies, the mandate rule bars his Fourth Amendment claim.

## III.

Cognizant of the mandate rule's bar, Defendant asserts that his appellate counsel was ineffective for failing to raise his Fourth Amendment claim in his first appeal. To raise a cognizable ineffective assistance of counsel claim, Defendant must demonstrate that (1) his appellate counsel was deficient and (2) he suffered prejudice as a direct result of this deficiency. See Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc) (extending Strickland v. Washington ineffective-

assistance-of-counsel analysis to appellate counsel). Defendant can do neither.

The law presumes effective assistance. To overcome that presumption, Defendant must show that appellate counsel ignored clearly strong arguments on the first appeal. Id. By contrast, "[w]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." Id. (internal quotation marks omitted).

Defendant's counsel for his first appeal managed to reduce his 360-month sentence to 63 months. Based on this success and the prevalence of the abovementioned waistband-check cases, any Fourth Amendment claim would not have been stronger than counsel's appellate strategy of attacking the improperly joined counts.

In addition, barring a conclusive record showing ineffective assistance of counsel, Defendant must bring his claim through a 28 U.S.C. § 2255 motion. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Again, the record does not conclusively show ineffective assistance of counsel, and therefore this claim must fail.

IV.

For the foregoing reasons, we affirm the district court's judgment.

<u>AFFIRMED</u>