**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-4009**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT BENTON, JR.,

Defendant - Appellant.

---

**No. 23-6019**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT BENTON, JR.,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Florence. Cameron McGowan Currie, Senior District Judge.  (4:97-cr-00866-CMC-1)

---

Argued:  January 29, 2025                    Decided:  August 12, 2025

Before KING and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Jeremy A. Thompson, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Christopher Braden Schoen, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.  **ON BRIEF:** Adair F. Boroughs, United States Attorney, Cate E. Cardinale, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal, Robert Benton, Jr., argues that the district court erred by rejecting a new argument that he raised during resentencing. Because we find that the court merely exercised its discretion to reject this long-abandoned argument, we affirm.

I.

A.

In 1998, Benton was charged with six offenses relating to drug distribution, firearms, and witness tampering: (1) conspiracy to possess with intent to distribute cocaine and cocaine base, 21 U.S.C. §§ 846, 841(b)(1)(A); (2) two counts of possession with intent to distribute and distribution of a quantity of cocaine or cocaine base, *id.* § 841(a)(1); (3) felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(e); (4) attempting to kill an individual with the intent to prevent his attendance and testimony in an official proceeding, *id.* §§ 1512(a)(1), 1512(a)(2); and (5) knowingly using and carrying firearms during and in relation to a crime of violence, i.e., the attempted killing, *id.* §§ 2, 924(c).

Benton pled guilty to the two distribution offenses but proceeded to trial on the remaining four. His jury selection took place on April 6, 1998. Nine days later, the government filed an information with the court, notifying Benton that he faced an enhanced penalty due to his prior drug convictions. *See* 21 U.S.C. § 851 ("No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of

3

guilty, the United States attorney files an information with the court … stating in writing the previous convictions to be relied upon.").

Benton did not respond to the information, and his trial began on April 20, 1998. Ultimately, he was found guilty and sentenced to life in prison.

## B.

Benton spent years challenging his convictions and sentences.  His efforts failed until 2013 when his sentence was reduced to 420 months.  He succeeded again in 2022 when this Court vacated his § 922(g) sentence and remanded for resentencing.  *See United States v. Benton*, 24 F.4th 309 (4th Cir. 2022).

Important here: before his sentencing, Benton finally responded to the § 851 information that the government filed in 1998.  He argued (for the first time) that the information was untimely because it was filed after jury selection.  In other words, he argued that the government must file the § 851 information "before trial," and "before trial" means before jury selection.  *See* 21 U.S.C. § 851.

Benton further claimed that, because the information was untimely, his 30-year sentence for Count One was illegal.  More specifically, he claimed that timely-filed information permits a 10-year increase above the count's 20-year statutory maximum. But, because the information was untimely, his 10-year increase was impermissible.

The district court rejected Benton's argument and reimposed a 420-month sentence. It emphasized that Benton had "many opportunities" to raise this issue and found that, in

any event, he "admitted that [the prior convictions] were attributable to him," so he suffered

no prejudice.  J.A. 226.  Benton now appeals this issue.*

## II.

This appeal centers on the mandate rule.  "We review a district court's interpretation

of the mandate rule de novo."  *United States v. Alston*, 722 F.3d 603, 606 (4th Cir. 2013).

## A.

"The mandate rule governs what issues the lower court is permitted to consider on

remand."  *United States v. Susi*, 674 F.3d 278, 283 (4th Cir. 2012).  The rule "is a more

powerful version of the law of the case doctrine," *Invention Submission Corp. v. Dudas*,

413 F.3d 411, 414 (4th Cir. 2005), and, with limited exception, "requires a lower court to

faithfully apply the mandate of a higher court, which is controlling as to all matters within

its scope."  *JTH Tax, Inc. v. Aime*, 984 F.3d 284, 291 (4th Cir. 2021).  At bottom, "[t]he

rule has two dimensions: 'First, any issue conclusively decided by this court on the first

appeal is not remanded, and second, any issue that could have been but was not raised on

---

* We outline here the other issues that this opinion does and does not address.  First, Benton initially appealed the district court's denial of his motion for a reduced sentence under the First Step Act of 2018.  During oral argument, he confirmed his abandonment of this issue. *See* Oral Arg. 15:56–16:53.  We therefore do not address its merits.  Second, Benton raises a number of additional issues in his pro se brief.  To the extent that they are relevant to sentencing (some are not), we summarily reject them as matters for the district court to consider at its discretion, as explained in Section II.A.  Finally, during oral argument, the panel raised a new issue: whether the government signed Benton's § 851 information.  We do not, however, consider issues first raised at oral argument.  *See United States v. Gallagher*, 90 F.4th 182, 189 n.1 (4th Cir. 2024).

5

appeal is waived and thus not remanded." *Id.* (internal quotation marks omitted) (quoting *Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007)).

Here, Benton claims that the mandate rule did not limit the scope of his resentencing because we remanded his case for de novo resentencing. According to Benton, de novo resentencing requires the district court to review all sentencing issues, including those previously abandoned.

To make this argument, Benton relies on the "sentencing package doctrine." This doctrine holds: "when a court of appeals 'vacate[s] a sentence and remand[s] for resentencing, the sentence becomes void in its entirety and the district court is free to revisit any rulings it made at the initial sentencing." *United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017) (quoting *United States v. Yost*, 185 F.3d 1178, 1181 (11th Cir. 1999)). "This doctrine recognizes the holistic approach district courts employ when fashioning a sentence and recognizes that sentencing on multiple counts is an 'inherently interrelated, interconnected, and holistic process.'" *United States v. Richardson*, 96 F.4th 659, 665 (4th Cir. 2024) (quoting *Ventura*, 864 F.3d at 309).

Ultimately, we agree that if "an appellate court sets aside a defendant's 'entire sentence and remand[s] for a *de novo* resentencing' pursuant to a general mandate, the district court on resentencing is not bound by its prior consideration of the case," *Susi*, 674 F.3d at 284 (quoting *Pepper v. United States* 562 U.S. 476, 507 (2011))—or put differently: "if this Court's mandate 'instructs or permits reconsideration of sentencing issues on remand, the district court may consider the issue de novo, entertaining any relevant evidence on that issue that it could have heard at the first hearing." *United States v.*

6

*Cannady*, 63 F.4th 259, 266–67 (4th Cir. 2023) (quoting *United States v. Bell*, 5 F.3d 64, 67 (4th Cir. 1993)).

However, Benton tries to stretch these holdings too far. Even assuming that we did remand his case for de novo resentencing (which the government contests), such a remand does not *obligate* the district court to consider all possible sentencing issues, it *permits* the court to consider them, i.e., it activates a sentencing court's broad discretion.

In this way, "when a case is generally remanded to the district court for re-sentencing, the district court may entertain new arguments as necessary to effectuate its sentencing intent, but it is not obligated to consider any new evidence or arguments beyond that relevant to the issues raised on appeal." *Susi*, 674 F.3d at 285 (quoting *United States v. Barnes*, 660 F.3d 1000, 1007–08 (7th Cir. 2011)); *see United States v. Pileggi*, 703 F.3d 675, 684 (4th Cir. 2013) (Traxler, C.J., concurring) (During de novo resentencing, "the district court is entitled (but not required) to reconsider any and all issues relevant to sentencing, whether or not the issues were raised in the first appeal.").

Here, the district court clearly understood and applied this principle. When addressing the scope of Benton's resentencing (beyond his vacated § 922(g) sentence), the court explained:

> the Fourth Circuit acknowledged that …there was a chance that he might be … able to obtain relief on other counts under the First Step Act and also any amendments … to the guidelines that have transpired in the many years since he was originally sentenced…. [S]o they obviously recognize that there could be changes to other counts, sentences on other counts …. But what they did not do is talk about … the statutory maximum on Count One based on a failure to timely file an 851 Information.

7

J.A. 223. The court then elected not to wade into the § 851 statutory debate. Instead, it found that Benton had "many opportunities" to raise this issue and, in any event, "admitted that [the convictions] were attributable to him," so he suffered no prejudice. J.A. 226.

This conclusion was not error. Because we did not remand the § 851 issue, the court was not required to consider it. *See Susi*, 674 F.3d at 286 (During resentencing, there is no requirement to "entertain new evidence and arguments where such is not necessary to effectuate the court's sentencing intent."); *United States v. Manning*, No. 21-4471, 2024 WL 701785, at *3 (4th Cir. Feb. 21, 2024) (Benjamin, J.) (The sentencing package doctrine "gives district courts the option to review the total sentence to ensure compliance with the 'overall plan.' We do not require a lower court to entertain new arguments." (quoting *Ventura*, 864 F.3d at 309).

Benton, of course, disagrees. He asks how we could ever find deficient performance during resentencing (as we did in *Cannady*, 63 F.4th at 266–69) if a district court is free to ignore potentially meritorious arguments. But, simply put, just because a court has the power to reject arguments does not mean that counsel should neglect to raise them.

In sum, while Benton was not barred from raising his § 851 argument, the court was not obligated to examine it. The court did not err by recognizing this.

## B.

Because the district court did not believe that the mandate rule barred Benton's argument, we need not examine whether it could have exercised its discretion to consider the issue by applying an exception to the rule. *See Bell*, 5 F.3d at 67 (In "very special

8

situations," a district court "may still possess some limited discretion" to apply three exceptions to the mandate rule. (quoting *United States v. Bell*, 988 F.2d 247, 251 (1st Cir. 1993))). Nonetheless, we briefly address Benton's alternative argument that the third exception applies.

The third exception to the mandate rule permits a court to address "a blatant error in the prior decision [that] will, if uncorrected, result in a serious injustice." *Id.* (quoting *Bell*, 988 F.2d at 251). Without controlling precedent, however, we struggle to view any alleged error as "blatant." *Contrast United States v. Hawkins*, 599 F. App'x 485, 488–89 (4th Cir. 2015) (Wynn, J.) (finding no blatant error where no precedent confirmed error), *with United States v. Hall*, No. 17-4487, 2023 WL 3773669, at *1–2 (4th Cir. June 2, 2023) (per curiam) (finding blatant error where "a *Rogers* error is readily apparent on this record" (citing *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020)).

Applying this principle here, we find that no controlling precedent addresses the timeliness of § 851 filings. *United States v. Beasley*, 495 F.3d 142, 149 (4th Cir. 2007) ("Because there is no controlling precedent—either in the Supreme Court or in our court—on the issue of when a trial begins for purposes of defining 'before trial' in § 851(a), we cannot say that it was [plain] error for the district court to assume that a § 851 information filed after the jury was selected but before it was sworn was timely filed."). Therefore, the third exception to the mandate rule does not apply.

## III.

Based on the foregoing, we affirm the judgment of the district court.

9

*AFFIRMED*